ORIGINAL

1   René Avila
2   Nancy Avila
    10055 Sycamore Canyon Road
3   Moreno Valley, CA 92557                         **FILED**
    V: 951-924-1154, F: 951-443-5096
4   Plaintiff in *Pro Per*                          NOV 1 3 2013
5   renav@RoadRunner.com                            Clerk, U.S. District and
                                                    Bankruptcy Courts

6       **IN THE DISTRICT COURT OF THE UNITED STATES**
                **FOR THE DISTRICT OF COLUMBIA**
7

8   René Avila & Nancy Avila        )   Case No.:
    EX REL.                         )
9   Private Attorney General,       )
                                    )
10  Plaintiffs                      )
                                    )
11                                  )         COMPLAINT
    v.                              )
12                                  )
    CITIMORTGAGE, INC.;             )
13                                  )
    CITIFINANCIAL MORTGAGE COMPANY, )
    COMPANY, LLC as a subsidiary of )
14  CITIMORTGAGE, INC.;             )   PETITION FOR DECLARATORY AND
                                    )        INJUNCTIVE RELIEF
15  QUALITY LOAN SERVICE CORP.;     )   PURSUANT TO TITLE 28, US CODE
                                    )        SECTION 2201, 2202
16  PRIORITY POSTING AND PUBLISHING,)
    INC.;                           )
17                                  )   TRIAL BY JURY DEMANDED
    PITE DUNCAN, LLP;               )
18                                  )
    McCARTHY & HOLTHUS, LLP;        )
19                                  )   HEARINGS IN CHAMBER
    CHRISTOPHER L. PETERSON, E*sq*.;)
20                                  )
    ASHLEY B. HENNESSEE, E*sq*.;    )
21                                  )
    JOHN DOES 1-10,                 )   Case: 1:13-cv-01786
22              Defendants          )   Assigned To : Walton, Reggie B.
                                    )   Assign. Date : 11/13/2013
23                                  )   Description: PRO SE GENERAL CIVIL
                                    )
24                                  )
                                    )
25                                  )
                                    )
26  _____)

27

28

RECEIVED
Mail Room

NOV - 6 2013

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# JURISDICTIONAL STATEMENT

1. This court has jurisdiction to hear this case because:

    A.  This court issued a prior ruling in the UNITED STATES OF AMERICA, *et al.* v.

BANK OF AMERICA, N.A. *et al*, case number 12 0361, the ("CONSENT ORDER")[1],

requires the Defendants CITIBANK, N.A. and their agents to refrain from engaging in

certain unlawful and unethical activities, which they are continuing, thus the consent decree

is being violated by the named Defendants;

    B.  The Plaintiffs are homeowners, whose rights have been set aside by certain court

actions that should have been curtailed by the "CONSENT ORDER", but these actions

continue;

    C.  Plaintiffs are private attorney general, pursuant to the sections of Title 18 authorizing

the Plaintiffs to act. The "private attorney general" concept holds that a successful private

party plaintiff is entitled to recovery of his/her/their legal expenses, including attorney fees,

if his/her/their has/have advanced the policy inherent in public interest legislation on behalf

of a significant class of persons,  Dasher v. Housing Authority of City of Atlanta, Ga.,

D.C.Ga., 64 F.R.D. 720, 722.;

    D.  The Plaintiffs are appearing *Ex relatione*, see Pennsylvania v. Bridge Co, 13 How.

(U.S.) 518, 14 L.Ed. 249; Georgetown v. Canal Co., 12 Pet (U.S.) 91, 9 L.Ed. 1012, in

relation to the matter of UNITED STATES OF AMERICA, *et al.* v. BANK OF AMERICA

BANK, N.A., *et al*.

---

[1] The CONSENT ORDER was titled as UNITED STATES OF AMERICA, *et al.*, v. BANK OF AMERICA, *et al.*, which also includes UNITED STATES OF AMERICA, *et al.*, v. CITIBANK, N.A., *et al.*

E. The Defendant QUALITY LOAN SERVICE CORP. ('QUALITY LOAN") is acting as an agent for and on behalf of CITIMORTGAGE, INC. ("CITIMORTGAGE"), albeit unlawfully, since they do not have possession of the Note, by failing and refusing to answer our Qualified Written Request(s) (QWR) and failing to properly address the legitimate and timely concerns of the Plaintiff(s) (EXHIBIT 1). This failure to answer the QWRs, makes it a mystery as to who is the actual Note-holder and thus, who is the real party-in-interest. All Defendants are acting in absolute defiance of the Court order issued in April 2012 resulting from UNITED STATES V. BANK OF AMERICA BANK, N.A., *et al.*, CASE 12 0361 CONSENT ORDER, ordering BANK OF AMERICA, N.A., *et al*. to refrain from foreclosing on homeowners property when they do not have a documented property interest in the Note and Mortgage or Deed of Trust, SEE: US v. BANK OF AMERICA, N.A. ET AL., CASE 12 036 CONSENT ORDER, Exhibit A, SECTION I (C.). This court has jurisdiction over its own prior court orders and under the Long Arm Statute for Washington, DC, which gives the District Court jurisdiction over those who do business in the District of Columbia or enter into a contract for services in Washington, D.C. CITIBANK, N.A. entered into a contract in WASHINGTON, DC and did business in Washington, DC when they entered into the Consent Agreement discussed above. CITIBANK, N.A. has directed the actions and conduct of all other defendants either directly or by and through proxies to foreclose for CITIMORTGAGE, INC **("CITIMORTGAGE").**

## ISSUES AND STATEMENTS OF THE CASE

2. **Defendants, including but not limited to,** CITIMORTGAGE, INC **("CITIMORTGAGE")** QUALITY LOAN SERVICE CORP., ("QUALITY LOAN"), PRIORITY POSTING AND PUBLISHING, INC., PITE DUNCAN, LLP, McCARTHY & HOLTHUS, LLP, *et al.,* **should be fully aware that the actions to be taken by them are prohibited by the "CONSENT**

**ORDER" mentioned above.**  CITIMORTGAGE, INC.  **("CITIMORTGAGE") is directing the activities of the other Defendants, and wittingly taking actions in direct defiance of the "CONSENT ORDER", and knowing the law and being keenly aware of the legal requirements for banks who are foreclosing on people's homes. Furthermore, these same Defendants had knowledge that  they have perpetrated fraud including but not limited to, fraudulent documents, forged signatures, and fraudulent attestations to unlawfully and fraudulently foreclose on unsuspecting homeowners under 'color of law'. Moreover, knowing that the San Francisco County Recorder issued a report in which he stated that the banks have turned the county recorder's office into a crime scene and that the lenders and their loan servicers and trustees are violating the law 84 percent of the time, and knowing that the elected Sheriff in Detroit and Chicago have refused to enforce evictions resulting from foreclosure in their respective counties because of the widely publicized deficiencies, defects, notarial fraud, forgery and other illegal and unlawful acts  that has been employed in the foreclosure process, the Defendants have taken the actions complained of in this civil action.** Plaintiffs are invoking common law in this matter pursuant to Article Three, Section Two of the US Constitution, see _Callan v. Wilson_, 127 U.S. 540, (1888) "And as the guaranty of a trial by jury, in the third article, implied a trial in that mode, **and according to the settled rules of common law"**. See also Commentaries on the Constitution by Joseph Story, Volume III, Pages 506-507.

//

//

**AVILA DEED OF TRUST**

3. The Avila Deed of Trust is void as the purported indorsement(s) has several fatal issues, including but not limited to, fraudulent indorsement(s), forgery, misrepresentation and other unlawful acts perpetrated under 'color of law' (EXHIBIT 2). The Avila Deed of Trust was signed on August 23, 2006, naming CITIFINANCIAL MORTGAGE COMPANY, LLC ("CITIFINANCIAL") as the lender. Subsequently on June 18, 2010 an ineffective "Assignment of Deed of Trust" was recorded with the Riverside County Recorder's Office assigning said Deed of Trust from CITIMORTGAGE, INC. ("CITIMORTGAGE") to CITIMORTGAGE, INC. ("CITIMORTGAGE") (EXHIBIT 3). This assignment is both fraudulent and a conflict of interest and effectively denotes that nothing was actually transferred.

4. On June 18, 2010 the purported and ineffective "Assignment of Deed of Trust" was signed by **D.M. Wileman**, the person signing on behalf of "CITIMORTGAGE" in her capacity as an alleged 'Vice President" that on information and belief does not hold the position with "CITIMORTGAGE" the she claims (EXHIBIT 3). On further information and belief, **D.M. Wileman** is likely, Deanne Wileman, SVP/Director of Human Resources at ORION FINANCIAL GROUP, INC. ("ORION") whereas aforementioned information can be found at ORION'S website.[2] In United States Bankruptcy Court Eastern District Of Kentucky Lexington Division, Case 09-05229-tnw, *J. James Rogan v. CitiMortgage Inc & MERS*, Doc 49 Filed 07/22/10 (EXHIBIT 4)**, the footnote at the bottom of page six (6) states:**

---

[2] http://www.orionfgi.com/index.php?option=com_content&view=article&id=6&Itemid=6

*"According to information provided by the Defendants, D.M Wileman is an employee of Orion Financial Group ... "*

Therefore, D. M. Wileman does not have the stated position with "CITIMORTGAGE"

That she claims, she has no authority to sign on behalf of "CITIMORTGAGE". The June 18, 2010 purported "Assignment of Deed of Trust" is invalid and fraudulent because D. M. Wileman's signature is a misrepresentation of employer and position.

5.   The purported and ineffective "Assignment of Deed of Trust" is void due **to** D. M. Wileman's past history of creating, signing and attesting to fraudulent documents and misrepresenting her corporate employment positions" (EXHIBIT 3). The person signing on behalf of "CITIMORTGAGE" as an alleged 'Vice President', has a proven history of' document forgery, also referred to as 'robo-signing'[3] and misrepresenting her position and/or employer. The record is clear as D.M. Wileman allegedly executes documents s 'Vice President' for more than seven (7) corporations (EXHIBIT 5). **It would be reasonable to conclude that** D.M. Wileman has not entered into employment contracts with the more than seven (7) corporations that she purportedly claims is employed with.


6.   Decisively, M. E. Wileman, the person who likely prepared the document based on the information in the top-left section of the Deed of Trust (EXHIBIT 3), and the person who would be responsible for overseeing the execution of this document as the President & CEO of Orion

---

[3] The term "robosigning" has been used as a general term to denote forgery, notarial fraud and other illegal acts pertaining to fraudulently created documents and forged signatures used by the banks on mortgage documents. The Plaintiffs uses the term in this context, however, believes that the term undermines the perception of the severity of the crime and the severely negative effect this fraud has in regard to their own home and the fraudulently confiscated homes of countless Americans in this country.

Financial Group Inc. (EXHIBIT 6), on information and belief has a proven history of creating

fraudulent documents or misrepresenting her position and/or employer.

7. Furthermore, the purported and ineffective "Assignment of Deed of Trust" (EXHIBIT 3) is

also void due **to** notary J. Flores (Texas notary commission #125461221) ineffective and

allegedly fraudulent attestation, who appears to work for or with "ORION" (EXHIBIT 7) based

on the number of notarizations for the company, and has actually notarized for D. M. Wileman in

her actual capacity as an employee of "ORION". Furthermore, on further information and belief

J. Flores absolutely knew that D. M. Wileman was NOT an actual "Vice President" of

CitiMortgage Inc. ("CITIMORTGAGE"), in an employment contract as a "Vice President" of

CitiMortgage Inc. ("CITIMORTGAGE") and with all the authorities vested in such a position

including the requisite experience, salary, benefits, seniority and privileges that such positions

normally require. Therefore J. Flores is an accessory to the fraudulent misrepresentation. These

actions violate state notary laws as well as violating the trust of the public who expect notaries to

act with a certain code of conduct (EXHIBIT 8).

8. Most disquieting is the purported and ineffective "Assignment of Deed of Trust" (EXHIBIT

3) allegedly notarized by notary J. Flores who on information and belief is not be the person who

acknowledged the document. There are MULTIPLE variations of J. Flores signatures and

therefore it is questionable whether J. Flores was actually the one who signed his/her name and

affixed the notary stamp (EXHIBIT 7) .

9. The effectiveness of the purported "Assignment of Deed of Trust" is questionable at best, in

that the notary J. Flores has a proven history of notarizing and fraudulently misrepresenting

"robosigning" operations such as "ORION' and ReconTrust Company NA ("RECON"), casting

very serious doubt on J. Flores' credibility and the validity of any document he/she notarizes

(EXHIBIT 7).


10.  While ReconTrust Company, N.A. ("RECON") is admittedly not involved in the Avila chain

of title, it is  relevant to showing the character of J. Flores since he/she appears to work for or

closely with "RECON" (EXHIBIT 7) and therefore worthy of noting that on August 4, 2011 in

the State of Washington, King County Superior Court, Washington Attorney General Robert M.

McKenna and Assistant Attorney General James T. Sugarman filed a "Complaint for Injunctive

and Other Relief" under the Consumer Protection Act against ReconTrust Company NA

("RECON"), a wholly owned subsidiary of Bank of America ("BOA"), for conducting illegal

foreclosures on thousands of Washington homeowners (EXHIBIT 9). McKenna states the

following:

> *"ReconTrust fails to conduct foreclosures as a neutral third party with a duty of good faith towards the borrower and the lender."*

> *"ReconTrust has committed unfair and deceptive acts ... "*

> *"[Recon Trust] systematically conceals, misrepresents or inaccurately divulges the true parties to the mortgage transaction in its foreclosure notices and related documents. "*

In Furtherance,

> *"ReconTrust accepts and records in county land records Appointments of Successor Trustee [or Corporation Assignments, Substitution of Trustee, Notice of Trustee's Sale, etc} from purported beneficiaries such as Bank of America NA, knowing, or duty-bound to know, that they are not the holders of the loans and are therefore not beneficiaries ... "*

> *"ReconTrust's Trustee's Deeds contain material misrepresentations"*

//

*"ReconTrust's Trustee's Deeds make contradictory assertions regarding a material fact of the trustee's sale: whether the transaction was sold to the highest bidder for cash, or whether it was a "credit bid" where the owner of the debt bid the amount owing in satisfaction of the debt. This distinction has important ramifications regarding title, excise tax consequences, and whether a void foreclosure can be set aside."*

The Attorney General's Office announced the suit during a news conference where McKenna stated:

*"ReconTrust ignored our warnings, repeatedly broke the law and refused to provide information requested during our investigation ReconTrust's illegal practices make it difficult, if not impossible, for borrowers who might have a shot at saving their homes to stop those foreclosures."*

11. In *Garton v. Title Insurance and Trust Company*, 106 Cal.App.3d 365 (1980), the California Court of Appeals stated that a notary must witness the signature and properly acknowledge the signature otherwise the improper notarization does not supply the guarantee of the genuineness of the instrument. "Defendants contend that there can be no liability for the false acknowledgment since plaintiffs conceded that the signatures on the deed of trust are their signatures. We disagree. Civil Code section 1185 provides that a notary must not take an acknowledgment of an instrument unless he knows, or has satisfactory evidence, that the "person making such acknowledgment is the individual who is described in and who executed the instrument; ..." This requirement makes the certificate upon personal knowledge a guaranty of the genuineness of the instrument. (*Anderson v. Aronsohn*, (1919) 181 Cal. 294, 297 [184 P. 12]; *Joost v. Craig* (1901) [131 Cal. 504, 509].) The deed of trust which was acknowledged and recorded *was not the deed of trust which was executed by plaintiffs." Garton v. Title Insurance and Trust Company*, 106 Cal.App.3d 365 (1980) 165 Cal. Rptr. 449. See Also *Berndt v. March Fong Eu*, 100 Cal.App.3d 511, 161 Cal. Rptr. 58 (1979).

## SUBSTITUTION OF TRUSTEE
(Ineffective)

12. The document purported to be a "Substitution of Trustee" from VERDUGO TRUSTEE SERVICES CORPORATION ("VERDUGO") to QUALITY LOAN SERVICE CORPORATION ("QUALITY LOAN") has on its face several issues which are fraudulent and cause this document to be invalid as a "Substitution of Trustee (Exhibit 10).

13. The document purported to be a "Substitution of Trustee" is allegedly fraudulent in that Aaron Menne ("Menne"), the person signing on behalf of CITIMORTGAGE, INC., ("CITIMORTGAGE")  as an alleged "Vice President", on information and belief does not have the stated position with "CITIMORTGAGE" that he claims. The only public profile of "Menne" that could be found lists him as an "Attorney Manager" at CITIGROUP (EXHIBIT 11).

14. The document purported to be a "Substitution of Trustee" is allegedly fraudulent in that Aaron Menne, the person signing on behalf of "CITIMORTGAGE" as an alleged "Vice President", has a proven history of forgery and fraud a/k/a ("robosigning") and misrepresenting his/her position and/or employer. This can be seen in a visual collage and following recorded documents (EXHIBIT12) where Aaron Menne is executing documents as "Vice President", "Assistant Vice President", or "Assistant Secretary" of three (3) different corporations (EXHIBIT12).

15. The document purported to be a "Substitution of Trustee" is allegedly fraudulent, in that Aaron Menne, the person signing on behalf of "CITIMORTGAGE" as an alleged "Vice

President", based on further information and belief was not the person who signed the document. There are several variations of Aaron Menne signatures and the variation found on the Avila July 8, 2010 purported "Substitution of Trustee" is the least legible and easiest to reproduce and therefore allegedly has been signed by someone other than Aaron Menne (EXHIBIT12). Therefore, it is questionable whether Menne was actually the one who signed the document.

16. The document purported to be a "Substitution of Trustee" is allegedly fraudulent in that notary Dennis J. Luecke (Missouri notary commission #08672763) has notarized several documents for Aaron Menne purporting to be the Vice President of various corporations, making him allegedly an accessory to the  apparently fraudulent misrepresentations (EXHIBIT12). These actions violate state notary laws as well as violating the trust of the public who expects notaries to act with a certain code of conduct (EXHIBIT 8).

17. The substitution of the Trustee is void and without force and effect in law because it was signed by "CITIMORTGAGE" without a lawful chain of title for the Note and Deed of Trust. This lawful chain of title would be impossible as the prerequisite for an effective chain of title would include at a minimum: no forged or other fraudulent documents. However multitudes of these forged, fraudulent and otherwise ineffective documents are prepared *ad naseum* by companies and individuals with no moral or legal compass to guide their actions. These same companies and individuals which are also named Defendants herein are only interested in foreclosing on their unknowledgeable victims at a break-neck speed using a mystifying albeit unlawful number of assignments, substitutions of trustees, forgeries, notarial fraud, misrepresentations and other fraudulent documents under 'color of law' to confound the homeowner and conceal the fraud.    As a result, "CITIMORTGAGE" has no standing to sign a

Substitution of Trustee for this Deed of Trust due in part to unabated fraud which lead to ineffective assignments and substitution of trustees. Consequently, the Notice of Sale issued by the alleged substituted Trustee is void, because the alleged beneficiary, "CITIMORTGAGE", has never had standing to Substitute the Trustee, therefore, the alleged Substituted Trustee has no powers to schedule a foreclosure sale date (EXHIBIT 10).

## NOTICE OF DEFAULT
(Ineffective)

18.  The document purported to be a "Notice of Default" from QUALITY LOAN SERVICE CORPORATION ("QUALITY LOAN") dated April 24, 2012 and recorded with the Riverside County Recorder's Office (EXHIBIT 13). It has been revealed that the purported "Substitution of Trustee" was fraudulent, invalid and ineffective. "QUALITY LOAN" did not have the authority to execute this document, therefore this document is invalid and ineffective as a Notice of Default.

## NOTICE OF TRUSTEE'S SALE
(Ineffective)

19.  The purported "Notice of Trustee's Sale" from QUALITY LOAN SERVICE CORPORATION ("QUALITY LOAN") dated June 24, 2013 and recorded with the Riverside County Recorder's Office **is fraudulent, invalid and ineffective** (EXHIBIT 14). It has been revealed that the July 8, 2010 purported "Substitution of Trustee" was fraudulent, invalid and ineffective. "QUALITY LOAN" did not have the authority to execute this document; therefore this document is invalid and ineffective as a Notice of Trustee's Sale.

//

20.  The Defendants, all of which have deliberately and with forthright malice raced at break neck speed towards foreclosure in complete defiance of the law with the premeditated intent to evict the Plaintiffs from their home in absolute defiance of several provisions of the **"CONSENT ORDER"** signed by Judge Rosemary M. Collyer, CASE 12 0361. These same named Defendants have acted as if they have powers to enforce the Note even though they have not proven their ownership interest in the Note and have not proven their possession of the original Note. The original Note was executed by the Plaintiffs with CITIFINANCIAL MORTGAGE COMPANY, LLC ("CITIFINANCIAL"), and now CITIMORTGAGE, INC, ("CITIMORTGAGE")  has appeared claiming a legitimate standing to orchestrate a pending foreclosure with the assistance of the named Defendants including but not limited to QUALITY LOAN SERVICE CORP. ("QUALITY"), conversely,  nothing could be further from the truth. The imminent and subsequent eviction from the Plaintiff's home will be the end result of a plan that the Defendants initiated to avoid the consequences of the **"CONSENT ORDER"** despite the allegedly fraudulent documents and assignments and incomprehensible indorsements of the Avila Note.


21.  CITIMORTGAGE, INC, ("CITIMORTGAGE")  as Claimant participated in contract and commercial activity in respect to a Non-Negotiable Instrument Note, which is attached to a bond, which is expressly governed by Federal law and the Uniform Commercial Code which are uniform statutory laws of all of the United States of America including the District of Columbia and all fifty states. Plaintiff makes the claim that the instrument/obligation became voidable when the Defendants participated in fraudulent and illegal activity, violating the rules of the laws under which the Note/instrument bond is expressly governed.

22. Furthermore, the Defendant, CITIBANK, N.A., *et al.,* CASE 12 0361, CITIBANK, N.A also as Defendant never brought forward evidence that they provided the proper notification regarding any alleged assignment of the Note or specifically what rights were assigned, which is required under Uniform Commercial Code (UCC), see *Kirby v. Palos Verdes Escrow Company,* 183 Cal App. 3d 57, at 227 (Calif. Court of Appeal First, 1986). Also there was no evidence advanced that CITIMORTGAGE, INC, ("CITIMORTGAGE") was/is in possession of the Note or security instrument, a requirement for enforcement, see, *Matter of Staff Mortg. & Inv.,* 550 F 2d 1228 (Ninth Circuit, 1977), also cited in Kirby, *supra.* Finally, the right of subrogation does not exist for a stranger to the transaction. It appears that CITIMORTGAGE, INC, ("CITIMORTGAGE"), is a stranger and does not have the right of subrogation as a stranger, furthermore, this right to subrogation is void if the documents and chain of title to prove such right to subrogation were fraudulent on their face.

23. CITIMORTGAGE, INC, ("CITIMORTGAGE"), QUALITY LOAN SERVICE CORP. ("QUALITY LOAN"), *et al.,* in the California foreclosure action have not meet their burden under state law or the common law to prove it has the power of sale and the power to act to enforce the Note and Deed of Trust and establish that their alleged interest in the Note and Deed of Trust was "duly perfected". The Defendants must prove the sale will be conducted in compliance with the above cited law and the terms of the Deed of Trust followed by a purchase and the Plaintiff can raise objections on that phase on the issue of title, see *Cheney v. Trauzettel,* 9 Cal 2d 158, at 159-160 (1937). In a foreclosure, Title is duly perfected when all steps have been taken to make it perfect, that is to convey to purchaser that which he has purchased is valid an good beyond all reasonable doubt, and when the foreclosing party has standing and capacity.

The filing of the foreclosure action against the Defendants by Plaintiff is a violation of the

consent decree pursuant to the Consent Decree at Exhibit A, CASE 12 0361 Sections 1-A-1 and

1-C. Exhibit A of said consent decree states as follows:

Section 1A-1

.........................and notices of default,
notices of sale and similar notices submitted by or on behalf of
Servicer in non-judicial foreclosures are accurate and complete and
are supported by competent and reliable evidence. Before a loan is
referred to non-judicial foreclosure, Servicer shall ensure that it has
reviewed competent and reliable evidence to substantiate the
borrower's default and the right to foreclose, including the
borrower's loan status and loan information.
2. Servicer shall ensure that affidavits, sworn statements. and
Declarations are based on personal knowledge, which may be
based on the affiant's review of Servicer's books and records, in
accordance with the evidentiary requirements of applicable state or
federal law.

In addition, Subsection C states a requirement to provide a chain of title for the

Note as follows:

1. **Servicer shall implement processes to ensure that Servicer or the
foreclosing entity has a documented enforceable interest in the
promissory note and mortgage (or deed of trust) under applicable
state law, or is otherwise a proper party to the foreclosure action.**

2. **Servicer shall include a statement in a pleading, affidavit of
indebtedness or similar affidavits in court foreclosure proceedings
setting forth the basis for asserting that the foreclosing party has
the right to foreclose.**

3. Servicer shall set forth the information establishing the party's
right to foreclose as set forth in I.C.2 in a communication to be
sent to the borrower as indicated in I.A.18.

4. **If the original note is lost or otherwise unavailable, Servicer shall
comply with applicable law in an attempt to establish ownership of
the note and the right to enforcement.** Servicer shall ensure good

faith efforts to obtain or locate a note lost while in the possession
of Servicer or Servicer's agent and shall ensure that Servicer and
Servicer's agents who are expected to have possession of notes or
assignments of mortgage on behalf of Servicer adopt procedures
that are designed to provide assurance that the Servicer or
Servicer's agent would locate a note or assignment of mortgage if
it is in the possession or control of the Servicer or Servicer's agent,
as the case may be. In the event that Servicer prepares or causes to
be prepared a lost note or lost assignment affidavit with respect to
an original note or assignment lost while in Servicer's control,
Servicer shall use good faith efforts to obtain or locate the note or
assignment in accordance with its procedures. In the affidavit,
sworn statement or other filing documenting the lost note or
assignment, Servicer shall recite that Servicer has made a good
faith effort in accordance with its procedures for locating the lost
note or assignment. (Emphasis Added.)

24. The Servicer and their agents and principals have not documented their enforceable interest

in the Note as required in the sections of the "CONSENT ORDER" cited above. The Defendants

CITIMORTGAGE, INC, ("CITIMORTGAGE")  the their law firm, PITE DUNCAN, LLP as

well as PRIORITY POSTING AND PUBLISHING, INC., who will conduct the foreclosure

auction and other services to administer the sale of the subject property in the foreclosure will

violate or have violated the above provisions of law. The aforementioned Defendants cannot

establish their client's property interest in the Note, pursuant to UCC 3-203, UCC 3-301, UCC 3-

501, UCC 3-305 and UCC 3-201, and 3-309 (the procedure used for a lost Note) and equivalent

California Commercial Code §§ 3203, 3301, 3501, 3305 and 3201, and 3309. In addition, under

common law, the Plaintiff in this matter has a common law right to know that the alleged

creditor is an actual creditor and is entitled to enforce the Note as a genuine creditor. Probably a

case that is most closely analogous to the case at bar is *Higgins v. Coyne*, 75 Cal App. 2d 69

(1946). There the Unlawful Detainer Defendant asserted that the Trustee sale was a legal nullity

because inter alia the property had been deeded to her before the sale, as a result the alleged

beneficiary had no legal authority to conduct the sale in the first place.  The trial court entered

judgment for the Plaintiff. The First Appellate District Court of Appeal reversed and stated as

follows:

> To the limited extent of proving deraignment of title in the manner expressly provided for
> the unlawful detainer statutes, **the question of title not only may but must be tried in
> such actions...** [id. @ p. 72]

> Since Plaintiff contends that the title to his property was deranged therefore incoherent
> and will be performed through proceedings under a power of sale contained in a deed of
> trust, under the law laid down in the Hewitt and Cheney Cases, was entitled to challenge
> the legality of those particular proceedings and to have that limited issue tried and
> determined in the Justice's court. [Id @ p. 74]

25. Higgins is analogous and similar to the case at bar, since the Defendants challenged the

validity and the underlying legal authority to conduct the sale, and challenge the validity of the

title. **The Court in Higgins made it clear that a Defendant has the right to raise the issue of

title, especially when the person or entity that elected to exercise the power of sale has no

documented legal authority to do so.**

26.  When the lender or his agent files an unlawful detainer he must adhere to and strictly follow

the statutory procedure, which was not perfected in this case, see *Berry v. The Society of Saint

Pius X,* (1999) 69 Cal App. 4 th 354, at 363. For the sale of the subject property to be done in

accordance with California Civil Code § 2924 the "electing beneficiary" must have legal

authority from the Note and deed of trust, otherwise the foreclosing party is a stranger to the

transaction. CITIFINANCIAL MORTGAGE COMPANY, LLC ("CITIFINANCIAL") is the

original lender identified on the Note and Deed of Trust, not CITIMORTGAGE, INC

("CITIMORTGAGE").  A proper chain of title with the assignments was never established,

including but not limited to fraudulent documents being created, forged signatures, notarial

fraud, misrepresentations and other unlawful acts. Furthermore, the loan servicers never

answered the Qualified Written Requests (QWR) the Plaintiff(s) sent them, thereby tacitly by

silence and acquiescence has admitted that CITIMORTGAGE, INC ("CITIMORTGAGE") is

not the owner of the Note in this matter and furthermore that certain indorsements on the Note's

allonge are fraudulent and ineffective (EXHIBIT 1).


27. Given the tacit admission, that the Note is not owned by CITIMORTGAGE, INC

("CITIMORTGAGE") and the ineffective recorded assignment of Deed of Trust in which the

alleged holder of the Note is CITIMORTGAGE, INC ("CITIMORTGAGE"), the Defendants are

committing overt acts of fraud. In the Qualified Written Requests, Plaintiff asked the loan

servicer to supply Plaintiff with the Note. Uniform Commercial Code Section 3-501(California

Commercial Code § 3501)   makes it mandatory for the creditor, making demands for payment to

**EXHIBIT THE INSTRUMENT,** see UCC 3-501(California Commercial Code § 3501). This

makes the production of the Note mandatory. The ownership of the Note and Deed of Trust

cannot be split. Also the alleged assignment of the Deed of Trust cannot be relied upon as an

authentic assignment of the Deed of Trust, given the failure, by CITIMORTGAGE, INC.

("CITIMORTGAGE") to **Exhibit The Instrument**. This is a tacit admission that the Note is **not**

held by CITIMORTGAGE, INC ("CITIMORTGAGE"). The question of ownership of the Note

is a vital part of determining who has the right to foreclose and sell the property. This calls into

question the validity of the scheduled Trustee's sale and demonstrates that the title is not duly

perfected. **Moreover,** QUALITY LOAN SERVICE CORP., "QUALITY LOAN" and,

McCARTHY & HOLTHUS, LLP collectively and/or individually at the direction of other

Defendant(s) prepared and **issued the ineffective pre-foreclosure documents acting as an alleged nominee of the Note holder and the Deed of Trust, making any said Assignment(s) and/or substitutions of trustee(s) void *ab initio*.**

28.   **In addition, the Note and Deed of Trust cannot be split, see *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 21 L.Ed. 313 (1872). Also, there is no valid endorsement on the evidently non existent Note, leaving it a question and mystery regarding who is the actual Note holder. A ruling by the California Court of Appeals, Fourth Appellate District, is instructive in this matter, because the court issued a ruling that the endorsement on a Note must be on the Note itself and not on a separate allonge, unless there is no additional space on the allonge, see *Pribus v. Bush*, 118 Cal.App.3d 1003; 173 Cal. Rptr. 747(1981).**

The Fourth Appellate District Court Stated as follows:

> **The trial court ruled that the Williams' signature on the paper attached to the promissory Note did not qualify as an endorsement because there was adequate space for the endorsement on the Note itself. We affirm the judgment.**

(Emphasis added.)

29.  As a result of the foregoing, the Defendants have not established, with admissible evidence that any of them is the holder of the Note and cannot foreclose or instruct PRIORITY POSTING AND PUBLISHING, INC.to conduct a foreclosure sale, because they are not the beneficiary of the Note and Deed of Trust, as discussed above. They have supplied documents in which they have made conflicting statements and evidence about who holds the Note and the ownership of the Note. With all of the conflicting documents and consequent confusion regarding who the actual Note holder is, the attempt by CITIMORTGAGE, INC. ("CITIMORTGAGE") to foreclose is void, including the scheduled Trustee's Sale, making the foreclosure case void *ab*

*initio.* All of the documents recorded and filed prior to during and after the foreclosure violated the terms **of the Deed of Trust, because only the current beneficiary can foreclose and there is ample evidence from the record that the foreclosure documents that have been recorded or are filed by a stranger to the transaction and cannot be relied upon to support the** Trustee's Sale **of the subject property.** There is a broken chain of title to the Note, from the original lender to the alleged current creditor, CITIMORTGAGE, INC ("CITIMORTGAGE"). There is no evidence brought before any court that title was duly perfected as required under the Sections of the Uniform Commercial Code (UCC) cited above. As a result of the foregoing, the title is not duly perfected, the Defendants do not have good and perfected title and the foreclosure sale, if effectuated, will be invalid and void, denoting that the Superior Court in California has/had no jurisdiction to hear the foreclosure case.

30. CITIMORTGAGE, INC ("CITIMORTGAGE") is not the original lender and has not met any of the requirements of the aforementioned sections of Uniform Commercial Code (UCC), and several important requirements placed upon creditors by the Uniform Commercial Code (UCC). As a result, CITIMORTGAGE, INC ("CITIMORTGAGE") is a stranger to the transaction and they have absolutely no property interest in the Note and Deed of Trust. I asked CITIMORTGAGE, INC ("CITIMORTGAGE"), the purported loan servicer, in writing for the Note with endorsements as required under Uniform Commercial Code Section 3-501(California Commercial Code § 3501)   and they failed to respond, substantiating that they are not in possession of the Note. UCC 3-501(California Commercial Code § 3501) requires the alleged creditor to **EXHIBIT THE INSTRUMENT** when asked as a requirement written into Section 3-501(California Commercial Code § 3501) of the UCC (EXHIBIT 1). CITIMORTGAGE, INC ("CITIMORTGAGE") illegally repudiated Plaintiff's filed foreclosure civil case in attempt to obtain ownership and control of their home. The previously scheduled foreclosure sale is effectively an eviction case against Plaintiffs, designed to obtain control and possession of the

subject property and is the last part of the debt collection process and is integrated with the non-judicial foreclosure (EXHIBIT 14).

## PARTIES: THE PLAINTIFFS

31. We, René Avila and Nancy Avila, are the Plaintiffs, we are private inhabitants living in California in the subject property who will be evicted from our home if we are not successful in achieving a court order of cease and desist in this case.

## PARTIES: THE DEFENDANTS

32. CITIMORTGAGE, INC ("CITIMORTGAGE") is named as a defendant because they exercised powers that they do not have and have taken actions in conjunction with local government agencies such as the local courts to deprive us of our private property in violation of the "CONSENT ORDER" discussed above. CITIMORTGAGE, INC ("CITIMORTGAGE") is named as a Defendant because they have identified themselves as the rightful owner of the invalid Deed of Trust (EXHIBIT 2). CITIMORTGAGE, INC ("CITIMORTGAGE") has and is directing the illegal activities and driving the foreclosure process in violation of the "CONSENT ORDER" and will be receiving the proceeds of the sale of the subject property in the foreclosure sale. CITIMORTGAGE, INC ("CITIMORTGAGE") would not have defended the California Superior Court Case # **RIC 1308191** in such a manner while the final foreclosure was pending if they did not have an alleged continuing interest in the outcome of the civil case. It appears that CITIMORTGAGE, INC ("CITIMORTGAGE") is allegedly functioning as a straw man or alter-ego for CITIBANK, N.A. It is also obvious that the identity of the Note holder and the real party-in-interest is a question and a mystery that the Defendants are desperately attempting to keep concealed. QUALITY LOAN SERVICE CORP., ("QUALITY LOAN") is named as a Defendant because they are clearly not the real-party-in-interest and they are clearly not a party who is entitled to enforce the Note and are acting in an illegal role in their efforts to foreclose on

the subject property as. Violations of the "CONSENT ORDER" occurred, in this context, when CITIMORTGAGE, INC ("CITIMORTGAGE") allegedly acted in league with the other Defendants including their attorneys and THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE will likely act as an agent for CITIMORTGAGE, INC ("CITIMORTGAGE") participating and assisting in and  directing the foreclosure pending on my property and then they will attempt to issue orders to seize the subject property through an eviction, even though they have no standing to do so. On information and belief the Note was sold or ineffectively transferred to an allegedly undisclosed third-party, and was never brought forward by the alleged creditor.  CITIMORTGAGE, INC ("CITIMORTGAGE") when they were demanded to 'exhibit the instrument', did not in violation of UCC 3-501(California Commercial Code § 3501), and under the sections of the UCC cited above, neither CITIMORTGAGE, INC ("CITIMORTGAGE"), QUALITY LOAN SERVICE CORP., ("QUALITY LOAN") can foreclose without possession of the Note and meeting all of the requirements under UCC 3-301(California Commercial Code § 3501).

33. **PITE DUNCAN, LLP**, **McCARTHY & HOLTHUS, LLP, Christopher L. Peterson,** *esq.,* **and Ashley B. Hennessee,** *esq.,* are named as Defendants because of their key role in assisting the other Defendants in the California foreclosure case initiated by Plaintiffs and by preparing flawed and fraudulent documents in concert with the Defendants. The named attorneys and law firms should be well versed in law should have been keenly aware of the "CONSENT ORDER", however with forthright knowledge of said "CONSENT ORDER" continued to mock the Honorable Court of Washington, D.C. and the Plaintiff declaring that said "CONSENT ORDER" was not applicable and had no lawful force to compel the Defendants to regulate their actions in accordance with the "CONSENT ORDER".

//

34. It appears that the Note may be held by some other financial institution or entity and ineffectively indorsed, albeit impossible to determine who is the actual holder of the Note is based upon the present circumstances whereby the Defendants, their clients and principals have engaged in deliberate fraudulent concealment. CITIMORTGAGE, INC ("CITIMORTGAGE") was allegedly assigned the Note and Deed of Trust ineffectively and fraudulently. Moreover, as discussed above there are other good reasons why the Assignment of Deed of Trust is invalid and void and an ineffective assignment facilitated through forgery, misrepresentation, fraudulent notarial attestations, fraudulent, misrepresented and unlawfully counterfeited documents on the public record of Riverside County, California . Please review the following for affirmation that the right of subrogation does not exist for the Defendants; *Henningsen v. United States Fidelity & G. Co.,* 208 US 404; 52 L. Ed 547, 28 S. Ct. 389; *Prairie State National Bank v. United States,* 164 US 227; 41 L. Ed. 412; 17 S. Ct. 142; *Aetna L. Ins. Co. v. Middleport,* 124 US 534; 31 L. Ed. 537; 8 S. Ct. 625; *McBride v. McBride*, 148 Or 478 36 P 2d 175. ALSO, CITIMORTGAGE, INC ("CITIMORTGAGE") NEVER EXHIBITED THE INSTRUMENT AS REQUIRED UNDER UCC 3-501(California Commercial Code § 3501)  AND HAVE PROVEN BY THE DOCTRINE OF ESTOPPEL BY SILENCE THAT THEY DO NOT HAVE THE LAWFUL RIGHT TO ENFORCE THE NOTE NOR DO THEY HAVE THE RIGHT TO FORECLOSE. *AS A RESULT,* CITIMORTGAGE, INC ("CITIMORTGAGE") *HAS NO RIGHT, TITLE OR INTEREST IN THE LAND AND HOME, WHICH IS THE SUBJECT OF THIS CIVIL ACTION, SINCE THE NOTE'S OWNER* HAS NOT BEEN LAWFULLY IDENTIFIED. See also 73 Am Jur Second, Section 90 which states that a right of subrogation does not exist for a mere volunteer, or some one who has not paid the entire Deed of Trust debt in full.

35. The law firms and attorneys participating in the California civil action, **PITE DUNCAN, LLP, McCARTHY & HOLTHUS, LLP, ASHLEY B. HENNESSEE,** *esq.,* and **CHRISTOPHER L. PETERSON,** *esq.* are named as Defendants because of their active role in violating the "CONSENT ORDER" with flagrant contempt for the  "CONSENT DECREE",

furthermore these same laws firms and attorneys, as a prerequisite to their profession must be experts in the law and to understand the legal requirements found in state and federal law regarding the foreclosure sale of the subject property and the subsequent eviction.

36. The law firms and the attorneys are named in this matter because they had a central role through their activities of defending "CITIMORTGAGE", "QUALITY LOAN", *et al.,* in the California civil action, and have assisted the appropriate parties as alleged mortgage creditors;  "CITIMORTGAGE", "QUALITY LOAN", *et al.,*  in their unlawful activities in this subject illegal foreclosure.

**37.  The Circuit Court clerk has a gate keeper role with respect to accepting pleadings filed and they and all other Defendants cannot claim to not have exposure to radio TV and newspapers, which would allow them to discover that a** "CONSENT ORDER" **has been reached with 49 of the 50 state attorneys general as well as the Attorney General of the United States in the case captioned *United States, v. Bank of America, N.A. et al.***

38. PRIORITY POSTING AND PUBLISHING, INC, is named as a Defendant acting as auctioneers in the foreclosure process, and is acting as an agent for and on behalf of CITIMORTGAGE, INC. ("CITIMORTGAGE") who has tacitly by omission admitted that they do not have possession of the Note, by failing and refusing to answer our Qualified Written Request (EXHIBIT 1). PRIORITY POSTING AND PUBLISHING, INC. has an active role to play in the foreclosure process, to conduct the sale and to process the final eviction regarding the subject property, thus will have actively participated in the foreclosure process with full knowledge and intent of the "CONSENT ORDER" upon service of this pleading and the fact that none of the banks involved have ever supplied evidence of their possession of the Note or their right to enforce the Note.

CITIMORTGAGE, INC. ("CITIMORTGAGE") is named because they are directly and indirectly involved in planning and supervising the activities of the attorneys in conjunction or independent *of* QUALITY LOAN SERVICE CORP. ('QUALITY LOAN"), and either knew or should have known that their alleged agent CITIMORTGAGE, INC. ("CITIMORTGAGE") *as* a result of owning the Note does not have a lawful right to foreclose and is not entitled to enforce the Note and Mortgage, see UCC 3-301 *(California Commercial Code § 3301)*, and they have primary management control and responsibility over the activities of their Attorneys. *Moreover,* CITIMORTGAGE, INC. ("CITIMORTGAGE")   is named because of the active role(s) they participated in attempts collecting the debt and preparing pre-foreclosure documents and functioning as a loan servicer, and directing the activities of all other Defendants either directly or indirectly, while they had full knowledge that they are not the actual Note holder but the real Note-holder is an undisclosed third-party.

39.  **State cases also place an absolute requirement on the creditor that they produce the account and general ledger statement with a competent fact witness as follows: *Solon v. Godbole* 163 Ill. App. 3d 845, 114 Il.  (by example)**

40.  CITIMORTGAGE, INC. ("CITIMORTGAGE")  **and it agents have allowed their agents to attempt to foreclose on Plaintiff's home without any admissible evidence that they are the Note holders in violation of numerous sections of Uniform Commercial Code, including but not limited to UCC 3-501, and 3-203 (California Commercial Code §§3501 & 3203) and in violation of the** "CONSENT ORDER". CITIMORTGAGE, INC. ("CITIMORTGAGE") does

not have possession of a lawfully negotiated Note and lawful allonge and are in violation of that

provision of the "CONSENT ORDER" that requires CITIMORTGAGE, INC.

("CITIMORTGAGE") and their agents and assigns to provide a documented enforceable interest

in the promissory Note and Deed of Trust, see Section I (C)(1) of Exhibit A of the "CONSENT

ORDER" in UNITED STATES v. BANK OF AMERICA, N.A. *et al.*, CASE 12 0361.

41. The Plaintiff does not seek monetary damages unless the Defendants file an **answer or a**

**motion of any kind and if and only if the Defendants and any and all agents refrain from**

**evicting the Plaintiffs from their home until this case is settled and finally decided and if the**

**case is dismissed by the District Court, that the Appeal to the DC Circuit is finally decided**.

If, however, the Defendants file an answer and continue with the sale and subsequent eviction in

violation of state and federal law, the Plaintiffs seek damages as described herein.

42. **THE SIGNER(S) OF THE FORECLOSURE DOCUMENTS AND THE**

**DOCUMENTS SUBMITTED IN THE CALIFORNIA SUPERIOR COURT CASE, DOES**

**NOT HAVE FIRST HAND KNOWLEDGE OF ANY OF THE DETAILS OF THE LOAN,**

**THE CHAIN OF TITLE OF THE NOTE AND DEED OF TRUST, THE SIGNER DOES**

**NOT HAVE A FIRST HAND WORKING KNOWLEDGE OF THE ACCOUNTING**

**RECORDS AND ACCOUNT AND GENERAL LEDGER STATEMENTS OF THE**

**ALLEGED CREDITOR OR THE ACTUAL CREDITOR, AND THERE IS NO**

**FOUNDATION FOR THE DEFENDANTS ALLEGED EVIDENCE AS EVIDENCE IN A**

**COURT OF LAW. THE SIGNER OF THE FORECLOSURE DOCUMENTS, IS NOT A**

**COMPETITENT WITNESS AND CANNOT TESTIFY AS TO FACTS FOR WHICH
SAID SIGNER HAS NO WORKING KNOWLEDGE.**

43.  The "CONSENT ORDER", at their Exhibit A, CASE 12 0361 entitled the Settlement Term
Sheet, specifically prohibits many of the particular actions taken by the Defendants. The consent
decree specifically orders the Defendant and its agents to refrain from submitting court pleadings
and other court documents which do not conform to the specific terms and conditions of the
consent decree. In particular the consent decree at their Exhibit A, Page a-1, Section A, 1, CASE
12 0361 states that all pleadings and other court documents in foreclosure proceedings must be
**accurate and complete and it states that they are supported by competent and reliable
evidence.**, see Solon v. Godbole;163 Ill. App. 3d 845, 114 Il.

A. Standards for Documents Used in Foreclosure and Bankruptcy
Proceedings.
1. **Servicer shall ensure that factual assertions made in pleadings
(complaint, counterclaim, cross-claim, answer or similar
pleadings), bankruptcy proofs of claim (including any facts
provided by Servicer or based on information provided by the
Servicer that are included in any attachment and submitted to
establish the truth of such facts) ("POC"), Declarations, affidavits,
and sworn statements filed by or on behalf of Servicer in judicial
foreclosures or bankruptcy proceedings and notices of default,
notices of sale and similar notices submitted by or on behalf of
Servicer in non-judicial foreclosures are accurate and complete and**

**are supported by competent and reliable evidence.** Before a loan is referred to non-judicial foreclosure, Servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

44.  In addition, the Defendants knew that they do not have possession of the promissory Note and have no connection with the subject loan and no property interest in the Note and Deed of Trust and yet have moved forward with the scheduled sale and subsequent eviction process anyway. The consent decree also makes it mandatory that the Defendant, CITIMORTGAGE, INC. ("CITIMORTGAGE") and their agents, allegedly QUALITY LOAN SERVICE CORP. ('QUALITY LOAN") must refrain from foreclosing when they lack a chain of title on the Note and Deed of Trust and when there is no valid assignment.

45.  The filing of an imminent eviction case against the Plaintiffs in the foreclosure civil process is a continuation of the non-judicial foreclosure process and is designed and intended to deny us our due process rights, the right to be sued by someone who has prudential and Constitutional standing and to force me out of the subject property and deny me the use and possession of the subject property in favor of a party who is a stranger to the transaction. The consent decree makes it mandatory that the Defendant CITIMORTGAGE, INC. ("CITIMORTGAGE") and their agents provide and prove an effective  chain of title for the Note and supply a documented enforceable interest in the promissory Note and Deed of Trust, see Consent Decree, Exhibit A, Section I C, 1.,  CASE 12 0361.  The consent decree also makes it mandatory that the assignments of the Mortgage or Deed of Trust **are executed with appropriate legal authority, accurately reflective of the completed transaction and properly acknowledged.**

46. Any and all of the recorded or existing documents are designed to give the Defendant CITIMORTGAGE, INC. ("CITIMORTGAGE") the power to enforce the Note and Deed of Trust are fraudulent, defective or both, therefore ineffective. One of the most disquieting examples of this is the document entitled "Assignment of Deed of Trust" (EXHIBIT 3) allegedly notarized by notary J. Flores who on information and belief did not acknowledge the document. There are MULTIPLE variations of J. Flores signatures and therefore it is highly questionable whether J. Flores was actually the one who signed his/her name and affixed the notary stamp (EXHIBIT 7). Moreover, it appears that the Notary did not establish the validity of the credentials of the signer or is deliberately notarizing a fraudulent document to intentionally mislead those who will rely on this document as a legitimate, honest and accurate statement of the circumstances and status of the signer. Furthermore and equally disturbing is the purported and ineffective "Assignment of Deed of Trust" (EXHIBIT 3) which is also void due to D. M.Wileman's past history of creating, signing and attesting to fraudulent documents and misrepresenting her corporate employment positions (EXHIBIT 5). The person signing on behalf of "CITIMORTGAGE" as an alleged 'Vice President' has a proven history of fraudulent and misleading signatures and misrepresenting her position and/or employer. The record is clear as D.M. Wileman allegedly executes documents as 'Vice President' for more than seven (7) corporations.

The Deed of Trust that was recorded and made a part of the county records in the Riverside County Recorder's Office violates paragraph 6 of Section I(C) of the Consent Decree, because it lacks the necessary appropriate legal authority.

Stated succinctly:

**Any attempt to transfer the beneficial interest of a mortgage/Deed of Trust without ownership of the underlying Note is void under State and U.S. Federal law.**

47.  CITIMORTGAGE, INC. ("CITIMORTGAGE") is clearly not a creditor and is not entitled to receive monthly payments. The Defendant, CITIMORTGAGE, INC. ("CITIMORTGAGE") claims to have the power to enforce the original Note and to foreclose on the subject property, in spite of the fact that a multitude of requests have been made by PLAINTIFF to CITIMORTGAGE, INC. ("CITIMORTGAGE"), *et al.,* for documentation of their alleged powers to enforce the Note and Deed of Trust, including a request to examine the original instrument and to identify the actual Note holder, pursuant to UCC 3-501**(California Commercial Code §3501)**.  Under UCC 3-501**(California Commercial Code §3501)**, the alleged lender must **"exhibit the instrument"** when requested by the debtor, and that has not been accomplished by the alleged creditor, CITIMORTGAGE, INC. ("CITIMORTGAGE"). Importantly, the court should take particular attention that the responses from CITIMORTGAGE, INC. ("CITIMORTGAGE") confounded the Plaintiffs with respect to numerous issues which have been detailed herein.

48.  CITIMORTGAGE, INC. ("CITIMORTGAGE") and their agents and assigns lack standing to foreclose, because they have failed and refused to bring forward the original Note with the endorsements on the allonge of the Note. Federal courts have consistently ruled that banks must be in possession of the original Note, see, *Matter of Staff Mortg. & Inv.*, Co. 550 F. 2d 1228, (CA 9, 1977); *Motobecane America, Ltd. v. Patrick Petroleum Co.*, 791 F.2d 1248, (CA 6, 1986); I*n re, Maryville Sav. & Loan Corp.*, 743 F.2d 413, CA 6, 1984); *In re*, Holiday Intervals, Inc., 931 F.2d 500, (CA 8, 1991).  Other Federal Courts have stated that the mortgage creditor must have an endorsement on the Note, endorsing the Note over to that creditor, see *In re*, BARRY WEISBAND, 4: 09-bk-05175 EWH, (US Bankruptcy Court, Arizona, 2009); *In re,* LAVERL H. WILHELM, 08-20577-TLM, (US Bankruptcy Court, Idaho, 2009). The Defendant,

CITIMORTGAGE, INC. ("CITIMORTGAGE"), is not the real-party-in-interest, pursuant to FRCP Section 17(a), without bringing forward the original Note and demonstrating that they are in possession of the Note, and as a result, do not have standing to claim to be a creditor with the powers of foreclosure.

49. The Second Circuit Court of Appeals issued a ruling in *National Union Fire Insurance Co. Of Pittsburgh, Pa. v. Woodhead* 917 F.2d 752 (Second Cir, 1990) and stated as follows: "Section 3-201(1) specifically limits the exception to the shelter principle to one who was a *prior holder* with knowledge of the defense. A holder is "a person who is in possession of ... an instrument ... issued or indorsed to him or to his order or to bearer or in blank." N.Y. U.C.C. § 1-201(20) (McKinney Supp.1990). National Union's guaranty of payment on the Note and security interest in the underlying investment did not make it a holder, because it was not in possession of the Note before acquiring it from M & T."

50. The Court *In re*: LAVERL H. WILHELM, *supra*, stated as follows: **"Before delving into the specifics of these cases, it is worth reiterating that changes in mortgage practices during the past several years – including, most prominently, the serial assignment of mortgage obligations – have complicated the factual situations to which the standing analysis applicable to stay relief motions must be applied.** See *In re* Sheridan, 09.1 I.B.C.R. 24, 24, 2009 WL 631355, at *1 (Bankr. D. Idaho 2009). Several bankruptcy courts – including this Court, in In re Sheridan – have been required to issue decisions explaining who does (and who does not) have standing to seek stay relief. See, e.g., In re Jacobson, 402 B.R. 359, 365-67 (Bankr. W.D. Wash. 2009); *In re,* Vargas, 396 B.R. 511, 520-21(Bankr. C.D. Cal. 2008); *In re,*

Hwang, 396 B.R. 757, 765-69 (Bankr. C.D. Cal.2008); *In re*, Mitchell, 2009 WL 1044368, at \*2-6 (Bankr. D. Nev. Mar. 31, 2009). *In re,* Sheridan, for example, this Court explained that a stay relief motion **"must be brought by one who has a pecuniary interest in the case and,** For ease of reference, the cases are listed in alphabetical order."

51.  Standing and the real-party-in-interest requirements are related. Standing encompasses both constitutional and prudential elements. See, *e.g.*, *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975); *In re*, Simplot, 2007 WL 2479664, at \*9 (Bankr. D. Idaho. Aug. 28, 2007). To have constitutional standing, the litigant must allege an "injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n*, __U.S. __, 128 S. Ct. 2759, 2768 (2008). Prudential standing includes the idea that the injured party must assert its own claims, rather than another's. See, e.g., Warth, 422 U.S. at 499. Thus, the real-party-in-interest doctrine generally falls within the prudential standing doctrine.

52.  The Bankruptcy Court *In re* LAVERL H. WILHELM, *supra* stated: **"To resolve the standing and real-party-in-interest issues presented here, the Court must determine who has the right to enforce the Notes. Because bankruptcy law does not provide for enforcement of promissory Notes, the Court looks to applicable non-bankruptcy law.** See generally *Butner v. United States*, 440 U.S. 48, 54-55 (1979) (nature and extent of property interests in bankruptcy are determined by applicable state law)." The court in the above case also concluded that the mortgage creditors in this case did not have standing to bring a motion for

relief from stay because they could not bring forward a Note with an endorsement, showing that the note was endorsed in their name. The court stated further:

> The "holder" option is not available to Movants; none of the notes is payable to the Movant and none of the notes has been indorsed, either in blank or specifically to a Movant. See id.; Idaho Code § 28-3-205 (regarding special and blank endorsements)."

53. The consent decree CASE 12 0361 states in relevant part as follows:

[on Page A-8] SECTION C Documentation of Note, Holder Status and Chain of Assignment.

1. **Servicer shall implement processes that ensure that servicer or the foreclosing entity has a documented enforceable interest in the promissory note and mortgage (or deed of trust) under applicable state law, or is otherwise a proper party to the foreclosure action.**

2. **Servicer shall include a statement in a pleading, affidavit of indebtedness or similar affidavits in court foreclosure proceedings setting forth the basis for asserting that the foreclosing party has the right to foreclose..........**

6. **Servicer shall ensure that mortgage assignments executed by or on behalf of Servicer are executed with appropriate legal authority, accurately reflective of the completed transaction and properly acknowledged.** [Emphasis added.]

54. The Defendants have violated several important provisions of the consent decree cited

above, and must be prevented from continuing their fraudulent misrepresentation. The Defendants have not provided a documented enforceable interest in the Note and Deed of Trust and they have not executed the Assignment of Deed of Trust with the appropriate legal authority. As discussed above UCC 5-501 (California Commercial Code § 5501) requires the mortgage creditor to 'Exhibit the Instrument' when asked. They have not done this.

55.  Plaintiff's rights have been violated under the previously cited provisions of law. Plaintiffs ask the court for injunctive relief pursuant to the court's powers to enforce their own prior judgments. The consent decree in the civil action filed against the five largest banks was issued prior to the current foreclosure being finalized and prior to final adjudication and exhaustion of the appeals process. The Plaintiff's California civil action initiated against CITIMORTGAGE, INC. ("CITIMORTGAGE") was a subsequent action to the continuation of the unlawful acts taken by CITIMORTGAGE wherein CITIMORTGAGE is attempting to carry out the final stages of an unlawful foreclosure and has engaged in an act in violation of the consent decree.

56.  Plaintiffs therefore ask the court for injunctive relief and other relief as follows:

## FIRST CAUSE OF ACTION
(Injunctive Relief)

57.  We, René Avila and Nancy Avila, the Plaintiffs, repeat and each and every allegation contained in the aforementioned paragraphs. At no time in this complaint are we are alleging any fraud associated to loan origination nor are we complaining of any overt act of fraud related to the origination of this loan. Defendants conspired with CITIMORTGAGE, INC.

("CITIMORTGAGE") and their agents and attorneys in violation of the consent decree cited above.

58. Defendants have concealed the roles of the parties and Plaintiff is unsure who the other "debt collectors" of the loans are. Plaintiff will amend this complaint when the appropriate parties who were debt collectors are discovered.

59. Federal law prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt..." Title 15 USC, Section 1692e.

60. In an attempt to foreclose on Plaintiff's home, and prosecute the subsequent evictions, the debt collector Defendants:

> A. made false, deceptive and misleading representation concerning their
> standing to sue the plaintiffs and the interest in the debt;
> B. falsely represented the status of the debt, in particular, that it was due and
> owing by plaintiffs to defendants at the time an eviction suit was filed;
> C. falsely represented or implied that the debt was owing to defendants as an
> innocent purchaser for value, when in fact, such assignment had not been
> accomplished;
> D. threatened to take action, namely engaging in collection activities and
> collection and foreclosure proceedings as hired enforcers that cannot legally be
> taken by them, and;
> E. used their access to CA state courts to and  process to file an eviction action against

Plaintiff, under false pretenses, namely, that Defendants were duly authorized to engage

in such activities when in fact they were not, and they violated the Fourth Amendment in

the process and

F. In the case of Purchasers Law Firms, they knew or should have known they did not

acquire proper title and are planning to proceed with eviction proceedings against

Plaintiff home-owner anyway.

61.  These Defendants are attempting to deprive us of our rights to use and ownership of our land

and home, in violation of the consent decree and the common law of California, by foreclosing

without standing and without having recorded the Assignment of Deed of Trust, signed by a

proper party and with appropriate legal authority, prior to filing a civil action in foreclosure as

required under California law.

62. The foregoing acts and omissions of Defendants constitute violations of the consent decree as

discussed above.

63.  Plaintiff is entitled to recover equitable relief, statutory damages, actual damages, reasonable

attorney's fees, and costs.

64.  CITIMORTGAGE, INC. ("CITIMORTGAGE") is a company that alleges that they have the

right to foreclose on the subject property in a foreclosure action that was flawed and defective

and based upon a series of legal documents recorded in the county recorder's office that are

flawed and defective.

65. Since the entire foreclosure process is ineffective and defective as discussed above, Plaintiffs, therefore, deny all statements made by the Defendants in the foreclosure process, filed and/or prepared by CITIMORTGAGE, INC. ("CITIMORTGAGE") and QUALITY LOAN SERVICE CORP. ('QUALITY LOAN"). The Defendant(s) in this case has never had a lawful interest in the subject property as discussed above. Based upon the foregoing, CITIMORTGAGE, INC. ("CITIMORTGAGE") is a stranger to the transaction and has no standing to sign any assignment of Deed of Trust in this matter and said assignment was ineffective due to fraud, forgery, misrepresentation and was designed to obfuscate the fraud.

66. The Note and Deed of Trust for the subject property have also acquired the deficiencies and defects in the loan documents assignment documents. These defective documents make the foreclosure and all attempts to collect a debt and the recording of the assignment of Deed of Trust fraudulent and therefore ineffective. The California Superior Court has no jurisdiction due to the defects in the Deed of Trust and subsequent assignments and failure to record an assignment of Deed of Trust signed by the mortgagee. All of these actions taken together; the recording of an invalid Assignment of Deed of Trust, and foreclosure action by a party who is not a creditor are violations of the FDCPA, Title 15 1692(e), 1692(f). CITIMORTGAGE, INC. ("CITIMORTGAGE") never had an ownership interest in the Note and Deed of Trust, and, therefore, does not have the power to enforce the Deed of Trust.

67. We mailed several Qualified Written Requests (QWR) to the Defendants and their agent(s), asking them to produce evidence that they had possession of the Note or were acting as an agent for the Note-holder and that the Note was in their possession asking them to produce admissible evidence that they are the owner of the Note and entitled to enforce the Note **(EXHIBIT 1)**. CITIMORTGAGE, INC. ("CITIMORTGAGE") steadfastly refused to produce the original Note

and refused to provide admissible evidence that they were the Note-holders. Uniform

Commercial Code (UCC) requires the creditor or alleged creditor to supply the debtor with the

Note with any and all modifications to the Note when the Note is demanded pursuant to UCC 3-

501 (California Commercial Code 3501). California law requires the alleged creditor to be in

possession of the Note as a requirement to enforce the Note, see Uniform Commercial Code

Section 3-301, 3-309, 1-201(b)(21)(A), 3-201, 3-202, 3-203 3-204, and 3-501 (California

Commercial Code §§3301,3309,1201,3201,3203,3204 & 3501) all require the alleged lender to

be in possession of the Note as a prerequisite to enforcement, see, *Matter of Staff Mortg. & Inv.*,

550 F 2d 1228, (Ninth Circuit, 1977) and *Bear v. Golden Plan of California, Inc.*, 829 F 3d 705

at 709.

68.  The overt act of fraud occurred when the Assignment of Deed of Trust was recorded and

subsequently when the Defendants started the foreclosure action to sell and to subsequently evict

the Plaintiff from his home. To understand fraud we must take into account the case of *McNally*

*v. U.S.*, 483 U.S. 350, 371-372, *Quoting U.S. v Holzer*, 816 F.2d. 304, at 307. Fraud in its

elementary common law sense of deceit includes the deliberate concealment of material

information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,

and if he deliberately conceals material information from them he is guilty of fraud. "Silence

activates estoppel*" Carmine v. Bowen*, 64 A. 932. These fraudulent acts were designed to

mislead us into believing that CITIMORTGAGE, INC. ("CITIMORTGAGE") has an

enforceable interest in the Note and Deed of Trust, which they clearly do not.

69.  "Silence can only be equated with fraud where there is a legal or moral duty to speak, or

where an inquiry left unanswered would be intentionally misleading." *U.S. v. Tweel*, 550 F.2d

297. "Fraud vitiates even the most solemn promise to pay", see *U.S. vs. Throckmorton*, 98 U.S.

61, 65.

//

70.  Without physical and effective transfer of the Note, the sale and/or transfer of the Note would be invalid as a fraudulent conveyance, see Uniform Commercial Code (UCC), Sections 9-313 through 9-314 (California Commercial Code 9313-9314). The actual Note holder should bring forward the evidence that they are the Note-holder and the holder of the Deed of Trust in due course. We deny all statements made in the foreclosure

NOTICE OF TRUSTEE'S SALE, (EXHIBIT 14) the Parties, *et al* in this action, are not the lawful entities to facilitate the sale of the subject property because of the defects and deficiencies in the loan administration and lack of disclosures and failure to properly acknowledge and record the assignment-of-Deed of Trust prior to filing the civil case to evict me. **The filing of the foreclosure processes is an overt Act of Fraud.** CITIMORTGAGE, INC. and ("CITIMORTGAGE") is the perpetrator of the fraud, however the Defendants named above have assisted their client in carrying out overt acts of fraud. The Attorneys representing CITIMORTGAGE, INC. ("CITIMORTGAGE") are also perpetrators of this overt act of fraud and they are in violation of the Fair Debt Collection Practices Act. Therefore, CITIMORTGAGE, INC. ("CITIMORTGAGE") does not have standing to foreclosure as a stranger to the transaction, and they have not established that they have an interest in the Note and Deed of Trust as the seller of the subject property, thus they have not perfected the title as required under state law. We do not need permission to occupy the subject property from CITIMORTGAGE, INC. ("CITIMORTGAGE") who does not have LAWFUL TITLE to the property, and neither does any alleged successor.

71.  **According to the US Supreme Court in, *JERMAN v. CARLISLE, M c NELLIE, RINI,***

*KRAMER & ULRICH LPA*, 559 US (2010), a case involving attorneys enforcing a mortgage and foreclosing on a Defendant:   "(a) A violation resulting from a debt collector's misinterpretation of the legal requirements of the FDCPA cannot be "not intentional" under §1692k(c). It is a common maxim that "ignorance of the law will not excuse any person, either civilly or criminally." *Barlow* v. *United States*, 7 Pet. 404, 411. When Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than here. In particular, the administrative-penalty provisions of the FTC Act, which are expressly incorporated into the FDCPA, apply only when a debt collector acts with "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that the FDCPA prohibited its action. §§45(m)(1)(A), (C). Given the absence of similar language in §1692k(c), it is fair to infer that Congress permitted injured consumers to recover damages for "intentional" conduct, including violations resulting from a mistaken interpretation of the FDCPA, while reserving the more onerous administrative penalties for debt collectors whose intentional actions reflected knowledge that the conduct was prohibited." Attorneys are debt collectors when enforcing a mortgage foreclosure under the above ruling and are subject to the FDCPA.

72.  CITIMORTGAGE, INC. ("CITIMORTGAGE") was never the mortgagee, because of their lack of a property interest in the Note and Deed of Trust. In addition, the assignment of mortgage document was signed by a stranger to the transaction and **the identity of the Note holder in this matter is a mystery.** Without any adherence to the rule of law regarding the recording requirements and the disclosure of the identity of the Note-holder and assignments under federal and state law, the Defendants are acting in defiance of the law, and are taking actions that are a

complete affirmation that anyone can foreclose in a case without the proper documentation of their status.

73. The refusal of the Defendants to bring forward the original Note with endorsements as required by Uniform Commercial Code Sections 1-201(b)(21)(A), 3-301, 3-309, 3-203, 3-204, 3-205 and various sections of Article 9 are forensic evidence that the Defendant in the foreclosure case does not have possession of the Note.  The Defendant, CITIMORTGAGE, INC. ("CITIMORTGAGE") can not conduct a lawful foreclosure sale in accordance with California law and their statements in the pending civil foreclosure processes are deceptive and incorrect, since there is a gap in the chain of title, because the actual Note-holder is not foreclosing and CITIMORTGAGE, INC. ("CITIMORTGAGE") in the pending California civil case is not the real-party-in-interest as is required under the Federal Rules of Civil Procedure, Section 17(a). I deny all statements made in the foreclosure complaint because the service of process was conducted on behalf of a party that has no standing to foreclose on the subject transaction as discussed above.

74. CITIMORTGAGE, INC. ("CITIMORTGAGE") in the foreclosure process is not entitled to possession of the property since they are not the real-party-in-interest as discussed above. Plaintiffs further deny all allegations for lack of standing to foreclose and lack of standing to file the unlawful detainer case as discussed above.

75. When there is fraud involved, then any action that flows from that fraud is null and void and without force or effect in law, *Ex Dolo Malo Non Oritur Actio,*  **"out of fraud no action arises."** Additionally, if this is true the Defendants are liable for fraud, fraudulent conversion and attempted theft of private-property. This claim of ownership of our home and land without a judicial trial by the jury, and without due process of law, access to an appeals process, a final

judgment by a court, is a violation of the rules of the common law and the FAIR DEBT

COLLECTION PRACTICES ACT, Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g,

1692i and similar provisions in the State of California "ROSENTHAL ACT".

75. The Fifth Amendment to our Federal Constitution of 1787, and similar provisions of the

California Constitution, guarantees that no person shall be deprived of life, liberty or property

without due process of law. We, René Avila and Nancy Avila, the Plaintiffs, do not recall ever

having been given a summons or subpoena or other lawful notice requiring our presence in court

in a Quiet Title Action. Plaintiffs do not recall ever having been to court over this matter in a

Quiet Title Action. Plaintiffs do not recall a trial by the jury, final judgment, access to the

appeals process, nor having seen a court order regarding a determination of Title in an action to

Quiet Title. Article Three of the Constitution for the United States of America and Constitution

of the United States provides for jurisdiction under the rules of the common law; see *Callan v.*

*Wilson*, 127 US 540. The Seventh Amendment to the federal constitution guarantees jurisdiction

under the course of the common law. The Defendants actions are not the result of a common law

ruling and due process in a court of law, "The 7th Amendment to the Constitution preserves the

right of trial by jury in suits at common law involving more than $20, and provides that no fact

tried by a jury, shall be reviewed otherwise than according to the rules of the common law.", see,

*443 Cans of Frozen Egg Product v. United States of America*, 226 US 172.


## SECOND CAUSE OF ACTION

(Violation of the Plaintiff's Rights to Due Process of law and Intentional infliction of emotional

distress.)

76.  Plaintiffs repeat and re-alleges each and every allegation contained in the above paragraphs. Please note: at no time in this complaint are Plaintiffs alleging any fraud related to loan origination nor are Plaintiffs complaining of any overt act of fraud related to the origination of this loan.  Defendants CITIMORTGAGE, INC. ("CITIMORTGAGE") and their agents and attorneys are in violation of Section 1983, 1985 and 1986 of Title 42, US Code. The Defendants intentionally inflicted emotional distress knowing that they and their client and co-conspirator do not have standing to foreclose on said property and knowing the loss of a person's home is one of the most traumatic things that anyone can experience.

77.  The Defendants assisted their client, CITIMORTGAGE, INC. ("CITIMORTGAGE") in their continuing theft of our private property, located at 10055 Sycamore Canyon Road Moreno Valley, CA 92557 and have violated our due process rights, when they knew or should have known that their client, CITIMORTGAGE, INC. ("CITIMORTGAGE") does not have standing and capacity to foreclosure. They have served us with a NOTICE OF TRUSTEE'S SALE, (EXHIBIT 14) for finalization of the foreclosure process in Riverside County, California. The Defendants have failed to honor, respect or uphold our due process rights, by refraining from proceeding with the pending sale and the subsequent eviction because CITIMORTGAGE, INC. ("CITIMORTGAGE") does not have the Note in their possession, and the filing of the NOTICE OF TRUSTEE'S SALE on behalf of CITIMORTGAGE, INC. ("CITIMORTGAGE") violates the consent decree for reasons given above (EXHIBIT 12). The Defendants have a duty to refrain from proceeding in sale and an eviction, when they lack standing and capacity because they do not have the Note in their possession as required under UCC Sections 3-301, 3-203 and 3-501(California Commercial Code §§3301, 3203 & 3501). The Defendants CITIMORTGAGE, INC. ("CITIMORTGAGE") have failed to prove or show a court order authorizing private property to be liened, levied or seized based upon a determination //

of title in an Action to Quiet Title as required under the rules of the common law, and the due process clauses in the Fifth and Fourteenth Amendments, and pursuant to the Fourth Amendment to the US Constitution, as discussed previously. The Defendants have used the organs and institutions of government to seek to obtain fraudulent title to the subject property, without standing and without due process of law, and without a trial by the jury under the rules of the common law. The common law right of due process is found in the Fifth and Fourteenth Amendments to our Federal Constitution. Violations of the FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) have occurred at Title 15 USC, Section 1692c, 1692d, 1692e, 1692f, 1692g, 1692i when they do not have standing and that foreclosure involves the use of the organs and instrumentalities of government agencies such as the Court or the County Recorder.

78. The actions taken by the defendants, attempt to deprive us of our liberty and property without due process of law. Article Three of the original constitution for the united States of America calls for law courts, see *Callan v. Wilson*, 127 U.S. 540, (1888) "And as the guaranty of a trial by jury, in the third article, implied a trial in that mode, **and according to the settled rules of common law**". See also, *Commentaries on the Constitution* by Joseph Story, Volume III, Pages 506-507. Actions by the Defendants to claim to have a security interest in our private land and home and personal property and claim authority to hold a foreclosure sale is an action beyond the scope of their authority as strangers to the transaction, and as parties who have not brought a suit against us under common law to litigate title. This is described by the United States Supreme Court as tyranny in; *United States v. Lee,* 106 US 196, 1S. Ct. 240 (1882) where the United States claimed ownership of property via a tax sale some years earlier, the court made the statements found below.

//

79. "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest are creatures of the law and are bound to obey it. It is the only supreme power of our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives...... Shall it be said ... that the courts cannot give remedy when the citizen has been deprived of his liberty by force, his estate seized and converted to the use of the government without any lawful authority, without any process of law, and without any compensation, because the president has ordered it and his officers are in possession? If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well-regulated liberty and the protection of personal rights." In *US v. Lee, supra,* the government can be considered as similar and applying in like manner as the defendants in the above captioned case. If government agencies cannot take private property without due process of law, how can a bank or mortgage company do so?

80. The Supreme Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in *Lynch v. Household Finance Corp.*, 405 US 538 (1972); "Such difficulties indicate that the dichotomy between personal liberties and property rights is a false one. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right whether the "property" in question be a welfare check, a home, or a savings account. In fact a fundamental interdependence exists

between the personal right to liberty and the personal right in property. Neither could have

meaning without the other. That rights in property are basic civil rights has long been

recognized", J. Locke, *Of Civil Government* 82-85(1924); J. Adams, *A Defense of the*

*Constitutions of Government of the United States of America*; F. Coker, *Democracy, Liberty and*

*Property*, 121-132 (1942); 1 W. Blackstone, Commentaries 138-140."


81.  The taking of private property without due process is clearly a violation of civil liberties as

well as personal rights. One of the settled principles of our Constitution is that these

Amendments are to protect only against invasion of civil liberties by the government whose

conduct they alone limit. *Burdeau v. McDowell*, 256 US 465, 41 S. Ct. 574, 65 L Ed. 104813

ALR 1159 (1921); *Weeks v. United States*; 232 US 383, 34 S. Ct. 341, 58 L. Ed. 652, (1914);

*Hall v. United States*; 41, F 2d 54(9th Cir. 1930); *Brown v. United States,* 12 F 2d. 926 (9th Cir.

1926). Therefore the organs of government cannot be used to participate and assist in the

unlawful plunder of our private allodial property. As a result of the foregoing failure to show that

CITIMORTGAGE, INC. ("CITIMORTGAGE") is in possession of the Note with an

endorsement as required under Uniform Commercial Code 3-203, 3-204 and 3-205(California

Commercial Code §§3203, 3204 & 3205)  and show the chain of title of the Note, the actions

complained of here, are a violation of the due process clauses of the Fifth and Fourteenth

Amendments to the US Constitution because of the lack of prudential and constitutional standing

as discussed previously. The lack of standing and failure to establish ratification of

commencement under FRCP Section 17(a) amount to a violation of the due process clauses in

the Fifth and Fourteenth Amendments to the US Constitution. UCC Section 3-203 (California

Commercial Code §3203) states as follows:


**3203**.      (a) An instrument is transferred when it is delivered by a
              person other than its issuer for the purpose of giving to the person

receiving delivery the right to enforce the instrument.

(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

 (c) Unless otherwise agreed, **if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.**

 (d) If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this division and has only the rights of a partial assignee.

Unmistakably, the unlawful and ineffective endorsement on a Note deprives CITIMORTGAGE, INC. ("CITIMORTGAGE") the power to enforce the Note and Deed of Trust because the negotiation has not occurred with the lack of an endorsement on a Note.

82.  **The Defendants cannot foreclose without a Judicial Determination of The Status of The Defendants as The Owner in a Court of Common Law and by Way of A Quiet Title Action**.

83.  The Defendants, by their action are attempting to force Plaintiffs out of the subject property without due process of law. Pursuant to the rules of the common law, the Defendants do not have the right to foreclose. The Defendants clearly violated California law when they issued and served process for foreclosure proceedings, in absolute defiance of the Due Process Clause of the Fifth Amendment, since California is bound by the US Constitution and because

CITIMORTGAGE, INC. ("CITIMORTGAGE") has failed to litigate title in the foreclosure/ unlawful detainer issues. Pursuant to the Fifth Article of Amendment to our Federal Constitution, the Defendants and their clients cannot seek to obtain non-judicial remedies to obtain title, thereby claiming to have a 'perfected title', and thereby circumventing the due process requirements as guaranteed under the Fifth Amendment, by way of the Fourteenth Amendment. A quiet title action must be adjudicated prior to any foreclosure action taken or being tried in court, pursuant to Article Three of the US Constitution and the Constitution for the United States of America.

84.  The unlawful actions taken by the Defendants are, therefore, in violation of Plaintiff's due process rights; see the Fifth and Fourteenth Amendment to the US Constitution. The US Circuit Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in *Lynch v. Household Finance Corp.*, 405 US 538 (1972). This case is similar and analogous to the *Lynch* case, referenced above, because property is going to be seized without judicial due process. **The Defendants are proceeding as if rights were waived. Plaintiffs have never waived any rights in this matter, knowingly, intelligently nor voluntarily, including Plaintiffs' right to judicial due process.** Please see *Brady v US*, 397 US 742 at 748, for confirmation that rights must be waived knowingly, intelligently and voluntarily.

85.  The outcome of this case will determine the ownership of the subject property and the validity of the claims of the parties. The foreclosure actions taken by the Defendants lacks personal and subject matter jurisdiction because of;

//

1.) The misrepresentation of material facts by the Defendants *that they have the right to foreclose;*

2) The failure and refusal by the Defendants CITIMORTGAGE, INC. ("CITIMORTGAGE"), *et al.*, to produce the original Note by exhibiting the instrument as required under UCC 3-501**(California Commercial Code §3501)** the fact that the attempted seizure of the private property in question is not lawful because it violates the doctrine of due process established by Common Law and by the US Supreme Court in *Lynch v Household Finance*, supra, by skipping and circumventing the requirement to file an Action to Quiet Title under common law to determine with certainty who has title to the property, as required under Article Three of the US Constitution and;

3) It violates our due process rights as Plaintiffs in this petition BECAUSE IT VIOLATES THE CONSENT DECREE, CASE 12 0361.

86. **The Defendants have failed or refused to produce the actual Note, which the Defendants allege Plaintiffs owe.** Where the foreclosing party cannot prove the existence of the Note, then there is no Note. As a result, the Defendants, and each of them, lack standing to enforce the bank loan, which was entered into by us with CITIFINANCIAL MORTGAGE COMPANY, LLC ("CITIFINANCIAL") for the purchase of the subject land and buildings, the subject property. To recover on a promissory Note, the Defendant must prove: (1) the existence of the Note in question; (2) that the party sued signed the Note; (3) that the Defendant is the owner or holder of the Note; and (4) that a certain balance is due and owing on the Note. See In Re: *SMS Financial LLC. v. Abco Homes, Inc.*, 167 F.3d 235 (1999) February 18, 1999 (5th Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states,

//

" ...; and no part payments should be made on the bond or Note unless the person to whom payment is made is able to produce the bond or Note and the part payments are endorsed thereon."

87.  It would seem that the mortgagor would normally have a Common law right to demand production or surrender of the bond or Note and mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469. *In re, Carnegie Bank v Shalleck* ; 256 N.J. Super 23 (App. Div  1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3-302 "Since no one is able to produce the "instrument"  there is no competent evidence before the Court  that any party is the holder of the alleged Note or the true holder in due course. New Jersey common law dictates that the plaintiff prove the existence of the alleged Note in question, prove that the party sued signed the alleged Note, prove that the plaintiff is the owner and holder of the alleged Note, and prove that a certain balance is due and owing on any alleged Note."  Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security.

88.  The landmark case stating this doctrine is *Matter of Staff Mortg. & Inv. Corp.*,  550 F.2d 1228 (9th  Cir. 1977),  "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." The above Ninth Circuit ruling was affirmed six times by the Ninth Circuit Court of Appeals and similar rulings were handed down in the Eighth and Sixth Circuits. Bankruptcy Courts have followed the Uniform Commercial

Code. *In re, Investors & Lenders, Ltd.,* 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New

Jersey Uniform Commercial Code (NJUCC), promissory Note is "instrument," security interest

in which must be perfected by possession."

89.  The Defendants have intentionally inflicted emotional distress, knowing that they do not

have a lawful claim to ownership of the subject property as discussed above, and all Defendants

are strangers to the transaction and they have no lawful claim to the subject property. The civil

action complained of was finalized and the court orders were issued after the consent decree was

signed.

## RELIEF REQUESTED

90.  In this case, the foreclosure documents were prepared to conceal that no valid or proper

assignments of the promissory Note or mortgage ever occurred.  The foregoing acts and

omissions of Defendants constitute violations of the consent decree, CASE 12 0361.

91.  The Plaintiff is entitled to recover equitable relief, statutory damages, actual damages,

reasonable attorney's fees, and costs. The Fourth Amendment was also violated as discussed

above.

**WHEREFORE**, We, René Avila and Nancy Avila, Plaintiffs, pray for Judgment in our favor

and against the Defendants and each of them as follows:

//

92. For an award of compensatory damages in an amount to be proven at time of trial in favor of the Plaintiffs and against the Defendants, in an amount to be proven at time of trial, but in any event in an amount above the arbitration limits of the court;

93. For punitive damages in an amount to be proven at time of trial;

94. For the Declaratory relief and an order of cease and desist prayed for in the General Allegations of Plaintiff's Complaint;

95. For Plaintiff's costs of suit incurred herein;

96. For an award of Plaintiff's reasonable attorney's fees pursuant to UCC and
        For a trial by jury; and

97. For prejudgment and post-judgment interest on any damage award at the maximum rate allowed by law; and

98. For such other and further relief as the Court may deem just and proper in the premises.

## ADDITIONAL RELIEF REQUESTED

99. **One.** Plaintiffs further ask that the ACTIONS taken by the Defendant CITIFINANCIAL MORTGAGE COMPANY, LLC ("CITIFINANCIAL"), QUALITY LOAN SERVICE CORP. ('QUALITY LOAN"), *et al*., to place the property for sale in a public auction in an unlawful foreclosure sale, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the US Constitution, violations of the consent decree CASE 12 0361 and that

they cease and desist their actions and activities in pursuance thereof. Plaintiffs also ask for a court order compelling the Defendants to give up any current attempt to take possession and occupancy of the subject property on behalf of the Defendants CITIMORTGAGE, INC. ("CITIMORTGAGE").

100. **Two.** For a declaratory judgment that because the above described property is held in allodium by Plaintiffs, René Avila and Nancy Avila, and that CITIMORTGAGE, INC. ("CITIMORTGAGE") or their principals and agents including any undisclosed third party Note buyer, has never had the right to enforcement of the Note and mortgage discussed, that Declaratory judgment be issued that no superior title exists by anyone, including the Defendants, and each of them, and that the Defendants CITIMORTGAGE, INC. ("CITIMORTGAGE") have no security interest, right, title or interest or lien in said private allodial property, the Defendants and each of them must be found to be without any lawful claim to seize my private allodial property without a warrant, signed under oath, and they are, therefore, compelled to disclaim any right, title or interest in the subject property.

101. **Three.** For an order of Cease and Desist, ordering the Defendants and their agents, including any unregistered foreign agents, to cease and desist any further actions to sell the property subsequent to the fraudulent foreclosure on this alleged debt, because of the failure of consideration and because of the lack of the right of subrogation, the lack of possession of the Note and therefore, the lack of any standing to sue for foreclosure or for eviction by the Defendants.

102. In addition, Plaintiffs ask for a court order of Cease and Desist ordering the Defendants to cease and desist and to refrain from enforcing any and all actions for eviction or foreclosure,

taken by these Defendants, or their agents and assigns, because The Mortgage backed Security (or the Undisclosed Third Party Note Buyer) does not have the right of subrogation as a stranger to the transaction, and because of the gap in the chain of title that was created by the failure of the current Note holder to produce a proper accounting and demonstrate who is the current holder-in-due-course by production of the original Note which is known as Exhibiting the Instrument pursuant to UCC 3-501 (California Commercial Code §3501), with an endorsement on the Note and not a copy, see UCC 3-501 and UCC 3-203 (California Commercial Code §3501 & 3203). Plaintiffs ask for an order of cease and desist, commanding the Defendants to refrain from taking any actions whatsoever to order an eviction of me from the subject property or to file any further foreclosure cases against us until the time that this matter is settled and that all appeals have run their course.

103. **PLAINTIFFS ARE NOT ASKING FOR MONETARY DAMAGES** if this complaint is uncontested. Uncontested means that no answer and no motions or other pleadings are filed by the Defendants. If, however, the complaint is contested Plaintiffs ask for damages as described herein.  We, René Avila and Nancy Avila, the Plaintiffs in this matter, demand punitive damages FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE, from:

A. Defendant CITIMORTGAGE, INC. ("CITIMORTGAGE"), in the amount of $3,000,000 (Three Million Dollars) in currency of the United States of America , if the suit is contested and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

B. From the defendant CITIFINANCIAL MORTGAGE COMPANY, COMPANY, LLC as a wholly owned subsidiary of CITIMORTGAGE, INC. ("CITIMORTGAGE") in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

C.  From the Defendant PITE DUNCAN, LLP, in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE:

D.  From the Defendant, QUALITY LOAN SERVICE CORP., in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

E.  From the Defendant McCARTHY & HOLTHUS, LLP, in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

F.  From the defendant PRIORITY POSTING AND PUBLISHING, INC, the  in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

G.  From the Defendant, Christopher L. Peterson, *Esq.,* in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

H.  From the Defendant, Ashley B. Hennessee, *Esq.*, in the amount $3,000,000 (Three Million Dollars) in currency of the United States of America, if the suit is contested, and FOR ENGAGING IN ACTS OF OPPRESSION, FRAUD AND MALICE;

//

The Plaintiffs seek to be paid in the lawful money of the United States of America, pursuant to Article One, Section Ten of the Constitution for the United States of America.

104.  We, René Avila and Nancy Avila, the Plaintiffs in this matter, and the aggrieved, injured party demand cost for this suit, if the suit is contested.

105.  Leave to amend the complaint pursuant to Federal Rules of Civil Procedure § 15(a) once discovery is completed and the Defendants have raised the usual FRCP 12(b)(6) objections and the usual avalanche of procedural gimmicks.

106.  An order from the court explaining where the complaint is deficient and how to correct it.

107.  Such other relief as the court deems just, proper and equitable.

//

//

Respectfully Submitted,

René Ávila , Plaintiff, *pro se*

Dated: 11/4/2013

Nancy Avila, Plaintiff, *pro se*

Dated: 11/4/2013

## VERIFICATION

We, the Plaintiffs, have read the **PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO TITLE 28, US CODE SECTION 2201, 2202** and know the contents thereof to be true; and the same is true of our own knowledge, except to the matters, which are therein stated on our information and belief and as to those matters, we, the Plaintiffs, believe them to be true. The foregoing is true, correct, complete and not misleading.

Sealed by the voluntary act of my own hand on this 4rd of November in the Year of our Lord, two thousand and thirteen.

René Avila

Nancy Avila

ATTACHMENT:

Affidavit

# LIST OF EXHIBITS

EXHIBIT 1 --      QUALIFIED WRITTEN REQUESTS (QWR)

EXHIBIT 2 --      DEED OF TRUST

EXHIBIT 3 --      ASSIGNMENT OF DEED OF TRUST

EXHIBIT 4 --      DOC 49 US BANKRUPTCY COURT

EXHIBIT 5 --      COLLAGE OF CORPORATE SIGNATURES-D.M. WILEMAN

EXHIBIT 6 --      ORION FINANCIAL GROUP WEBPAGES

EXHIBIT 7 --      EXAMPLES OF J. FLORES NOTARIZATIONS

EXHIBIT 8 --      NOTARY CODE OF ETHICS

EXHIBIT 9 --      COMPLAINT WASHINGTON ATTORNEY GENERAL

EXHIBIT 10 --     SUBSTIUTION OF TRUSTEE

EXHIBIT 11 --     PUBLIC PROFILE – AARON MENNE

EXHIBIT 12 --     COLLAGE & RECORDED DOCUMENTS --AARON MENNE

EXHIBIT 13 --     NOTICE OF DEFAULT

EXHIBIT 14 --     NOTICE OF TRUSTEE'S SALE

//

//

# ATTACHMENT

## AFFIDAVIT

STATE OF CALIFORNIA    )
                          )    ss
COUNTY OF RIVESIDE    )

Subscribed and sworn to (or affirmed) before me this 4th day of November, 2013, by

René Avila, Affiant

Nancy Avila, Affiant

Who proved to me on the basis of satisfactory evidence to be the persons who appeared before me.

WITNESS my hand and official seal

CHARLES G. STEINWAY
COMM. #1891526
Notary Public-California
SAN BERNARDINO COUNTY
My Comm. Exp. JUNE 27, 2014

[ls]

Signature of Notary                         (Notary Seal)

1

2

# SERVICE LIST

3

Defendants:

4

5

CITIMORTGAGE, INC.

6

C T CORPORATION SYSTEM, Agent
818 W Seventh Street

7

Los Angeles, CA 90017

8

CITIFINANCIAL COMPANY, LLC

9

CT CORPORATION SYSTEM, Agent
300 St. Paul Place

10

Baltimore, MD 21202

11

Pite Duncan, LLP

12

4375 Jutland Drive, Suite 200
San Diego, CA 92117

13

Quality Loan Service Corp.

14

Bounlet Louvan, Agent
2141 5th Ave

15

San Diego, CA 92101

16

McCarthy & Holthus, LLP

17

1770 Fourth Avenue
San Diego, CA 92101-2607

18

19

Christopher L. Peterson, *Esq.*

20

1770 Fourth Avenue
San Diego, CA 92101-2607

21

Ashley B. Hennessee, *Esq.*

22

1770 Fourth Avenue
San Diego, CA 92101-2607

23

24

PRIORITY POSTING AND PUBLISHING, INC
Tom Hacker, Agent

25

17501 Irvine Blvd. Suite 1
Tustin, CA 92780

26

27

//

28

INTERESTED PARTIES

For the United States:

TONY WEST
Acting Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530

For the State of California:

MICHAEL A. TRONCOSO
Senior Counsel to the Attorney General
455 Golden gate Avenue, Ste. 14500
San Francisco, CA 94102-7007

For the UNITED STATES DISTRICT COURT

U.S. District Court
Central District of California Eastern Division
3470 Twelfth Street
Riverside CA 92501-3801

Pite Duncan, LLP
Attorney for CitiMortgage, Inc. and CitiFinancal Mortgage Company, LLC
P.O. Box 17935
San Diego, CA 92177-0935

McCarthy & Holthus, LLP
Attorney for Quality Loan Service Corp.
1770 Fourth Avenue
San Diego, CA 92101-2607

//

//