EXHIBIT "4"

as such.[1]

## ii.   MERS' authority to execute the mortgage assignment

The Plaintiff's second argument is that MERS lacked authority to
execute an assignment of the mortgage to CitiMortgage.  He states that
MERS failed to produce evidence that MERS nominated D.M. Wileman as an
"Authorized Signator" of MERS to execute the assignment.[2]  Mr.
Hultman's affidavit, referenced above, states "[t]hat the signature of
D.M. Wileman on the Assignment of Mortgage . . . is ratified by MERS
as having been done with the authority and consent of MERS."  (Hultman
Aff.)  The MERS Preferred Service Provider Agreement attached to the
Hultman affidavit provides at ¶ 6:

> To facilitate the recording of documents, MERS will pass a
> Corporate Resolution to enable an officer and/or other
> authorized employee(s) of the Provider to sign assignments
> and lien release documents as an officer of MERS while the
> Provider is a MERS Preferred Service Provider.  The Provider
> agrees to submit a list of authorized employees of MERS and
> will keep the list current.

The Plaintiff maintains that Mr. Hultman's ratification of D.M.
Wileman's signature is without effect absent such a corporate
resolution.  The Plaintiff offers no authority for this position, and
Mr. Hultman's ratification in his sworn affidavit is sufficient to
establish MERS's authority to execute the Assignment.

---

[1] Further, the Defendants have tendered the Affidavit of William C.
Hultman, Secretary of MERS (attachment to Doc. #32), in which Mr. Hultman
confirms that for MERS members, MERS serves as the mortgagee of record with
respect to their mortgage loans solely as nominee, states that Homeland
Capital Mortgage was a MERS member on February 23, 2007.  He further states
that with respect to the subject Mortgage, MERS was named as the mortgagee of
record as nominee for the Lender, that the Lender subsequently transferred the
Note secured by the Mortgage to CitiMortgage, Inc. in 2007, and that MERS
remained the mortgagee of record, as nominee for CitiMortgage.

[2] According to information provided by the Defendants, D.M. Wileman is
an employee of Orion Financial Group, an entity with certain officers and
employees authorized under the Preferred Provider Service Agreement to execute
assignments on behalf of MERS.  According to the Defendants, Ms. Wileman was
inadvertently left off the list of officers authorized to execute MERS
documents.