EXHIBIT "9"

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

STATE OF WASHINGTON,

                  Plaintiff,

    v.

RECONTRUST COMPANY, N.A.,

                  Defendant.

NO.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF UNDER THE CONSUMER PROTECTION ACT

The Plaintiff, State of Washington, by and through its attorneys Robert M. McKenna, Attorney General, and James T. Sugarman, Assistant Attorney General, brings this action against the defendant named below. The State alleges the following on information and belief:

## I.    PLAINTIFF

1.1    The Plaintiff is the State of Washington.

1.2    The Attorney General is authorized to commence this action pursuant to RCW 19.86.080 and RCW 19.86.140.

## II.    DEFENDANT

2.1    Defendant RECONTRUST COMPANY, N.A, (ReconTrust or Defendant) is a for-profit business entity permitted by the U.S. Office of the Comptroller of the Currency as a nondepository, uninsured, limited-purpose national trust bank.

2.2    ReconTrust is a California corporation and is a wholly-owned subsidiary of Bank of America, N.A.

COMPLAINT - 1

1       2.3     ReconTrust forecloses loans serviced by Bank of America, N.A. and its wholly-

2 owned subsidiary, BAC Home Loans Servicing, L.P.

3       2.4     ReconTrust claims CT Corporation, 1801 West Bay Drive NW, Suite 206,

4 Olympia, WA 98502 as its sole registered agent for service of process.

5       2.5     ReconTrust claims CT Corporation, 1801 West Bay Drive NW, Suite 206,

6 Olympia, WA 98502 as its sole "physical presence" in the State of Washington pursuant to

7 RCW 61.24.030(6).

8       2.6     ReconTrust is acting as a foreclosure trustee in the State of Washington.

9       2.7     Foreclosure trustees are responsible for conducting nonjudicial foreclosures,

10 called trustee's sales, in accordance with the Deed of Trust Act, RCW 61.24 *et al*, and the

11 terms of the mortgage transaction documents.

12       2.8     Foreclosure trustees must perform their duties in good faith and owe that duty to

13 the borrower and the beneficiary. RCW 61.24.010(4). A foreclosure trustee may not be the

14 same entity as the beneficiary. RCW 61.24.020.

15               **III.**     **JURISDICTION AND VENUE**

16       3.1     The State files this complaint and institutes these proceedings under the

17 provisions of the Consumer Protection Act, RCW 19.86.

18       3.2     The Defendant has engaged in the conduct set forth in this complaint in King

19 County and elsewhere in the state of Washington.

20       3.3     Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025.

21               **IV.**     **SUMMARY OF ENFORCEMENT ACTION**

22       4.1     Defendant is now, and has been at all times relevant to this lawsuit, acting as a

23 trustee on thousands of deeds of trust throughout the State of Washington and is thus engaged

24 in trade or commerce within the meaning of RCW 19.86.020.

25       4.2     Homeowners facing foreclosure are captive to ReconTrust's trustee services.

26 Homeowners cannot shop around for another trustee, they cannot negotiate the cost of

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1   ReconTrust's services or the cost of the third party services ReconTrust chooses, and they

2   cannot direct ReconTrust's activities.    This vulnerable situation is compounded for

3   homeowners by the complexities of the foreclosure process, by the homeowners' highly

4   distressed financial circumstances, and the high stakes nature of the proceeding.  Foreclosure

5   sales are usually irreversible. Any defense must be asserted before the sale occurs.  Because

6   courts are not involved in foreclosures, homeowners' only protections are the detailed

7   procedures and requirements contained in the Deed of Trust Act, and a neutral foreclosure

8   trustee who insures those procedures are followed to the letter.

9       4.3    ReconTrust is a foreclosure trustee that has failed to comply with the procedures

10   of the Deed of Trust Act in each and every foreclosure it has conducted since at least June 12,

11   2008, and it is a trustee who is wholly owned by the loan servicer seeking to foreclose.

12                            **V.    FACTS**

13       5.1    ReconTrust regularly acts as a successor trustee for deeds of trust secured by

14   residential real property located in the State of Washington.

15       5.2    ReconTrust has been at all times relevant to this action in competition with

16   others engaged in similar activities in the state of Washington and engages in the acts below as

17   a matter of practice.

18   **ReconTrust Fails to Maintain an Office in the State of Washington as Required by
     Law.**

19

20       5.3    Defendant has failed to maintain the statutorily-required physical presence in

     the State of Washington, with telephone service at that address. RCW 61.24.030(6).

21

22          a.    By issuing Notices of Trustee's Sale, conducting trustee's sales, and

23               issuing Trustee's Deeds without maintaining the required physical

24               presence, Defendant has misrepresented its authority to issue such

25               notices, conduct trustee's sales, and issue Trustee's Deeds.

26

COMPLAINT - 3

b.    By conducting the nonjudicial foreclosure process while failing to maintain a physical presence with telephone service, the Defendant has unfairly: i) prevented homeowners from having face-to-face contact with their trustee, ii) prevented homeowners from gaining responses to time-sensitive foreclosure issues, iii) prevented homeowners from physically presenting time-sensitive payments to stop a foreclosure, iv) prevented homeowners from delivering payments in a manner that insures that the beneficiary can not deny payment was made, v) prevented homeowners from physically presenting mortgage-related documents in a manner that will stop the beneficiary from claiming the homeowner failed to provide such documents, and vi) potentially clouded title to homes it has sold at auction.

**ReconTrust Fails to Conduct Foreclosures as a Neutral Third Party With a Duty of Good Faith Towards the Borrower and the Lender.**

5.4    As a trustee on deeds of trust, Defendant has a duty of good faith towards the borrower and grantor on the deed of trust, as well as to the beneficiary.

5.5    ReconTrust has agreements with beneficiaries and/or their agents to the effect that ReconTrust will only cancel or continue non-judicial foreclosure sales if the beneficiary or agent approves.

5.6    When borrowers have asked ReconTrust to cancel a sale date because of issues they believe require cancellation or continuance of the sale, ReconTrust has told borrowers that it will not or cannot stop a sale without the permission of the lender or servicer.

5.7    ReconTrust has committed unfair and deceptive acts and violated its duty of good faith by noticing and conducting trustee sales while failing to perform statutory requisites for conducting such sales as contained in the Deed of Trust Act, RCW 61.24.030 and .040. Those failures include:

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

a.   Failing to maintain a physical presence with telephone service at that address.

b.   Failing to identify the actual owner of the Promissory Note in the Notice of Default.

c.   Failing to obtain proof that the beneficiary is the owner of the promissory note secured by the deed of trust.

d.   Failing to clearly and conspicuously identify in the Notice of Trustee's Sale the defaults, other than nonpayment, that entitle the beneficiary to foreclose and which may be cured by the borrower.   Instead, ReconTrust's Notices identify every possible default and demand those defaults be cured whether those defaults have actually occurred or not.

e.   Conducting foreclosure sales in non-public places such as the garage of a private office building and a hotel ballroom.

f.   Creating or using documents essential to a valid trustee's sale, or to a reconveyance of the deed of trust, that are improperly executed, notarized or sworn to, including: i) documents that were not signed in front of a notary, ii) documents that had both the signature and notarization applied mechanically while claiming that the signatory personally appeared before the notary, iii) using signatories who simultaneously claim to be officers of the beneficiary, of MERS, and of a servicer, all while actually being employees of ReconTrust, and iv) executing documents without direct knowledge of the facts contained therein.

g.   Conducting joint prosecution and/or defense of legal claims with the beneficiary or its agent on matters related to its duty of good faith to the borrower.

COMPLAINT - 5

1      5.8     Homeowners have the right to stop a foreclosure by paying an amount (the

2    "reinstatement   amount")   set   by   statute   and   itemized   by   the   foreclosure   trustee.

3    RCW 61.24.090.

4      5.9     The Deed of Trust Act limits the reinstatement amount to the following charges:

5    arrearages on the loan; expenses "actually incurred" by the trustee to enforce the note; a

6    reasonable trustee's fee; a reasonable attorney's fee; and, the costs of recording a notice of

7    discontinuance of the foreclosure. RCW 61.24.090 (1)(a) and (b).

8      5.10    Defendant   has   failed   to   properly   itemize   and/or   misrepresented   the

9    reinstatement amount by, including but not limited to, overcharging for recording fees, posting

10   fees, and mailing fees.

11     5.11    By demanding inaccurate amounts and failing to properly itemize amounts,

12   Defendant has prevented borrowers from determining whether fees are reasonable, has

13   overcharged borrowers and has prevented borrowers from curing their default within the

14   statutory guidelines for reinstatement.

15   **ReconTrust Conceals or Misrepresents the Identity of the Actual Owner of the Debt.**

16

17     5.12    Defendant systematically conceals, misrepresents or inaccurately divulges the

true parties to the mortgage transaction in its foreclosure notices and related documents.

18

19           a.     ReconTrust accepts and records in county land records Appointments of

20                  Successor Trustee from purported beneficiaries such as Bank of

21                  America, NA, knowing, or duty-bound to know, that they are not the

22                  holders of the loans and are therefore not beneficiaries under the Deed of

23                  Trust Act.

24           b.     In Notices of Default, ReconTrust misrepresents the owner of the

25                  Promissory Note by only naming the servicer, such as BAC Home

26                  Loans Servicing, LP, when the actual owner is a securitization trust.

COMPLAINT - 6

1         Defendant does not identify the actual owner anywhere on the Notices

2         of Default. The Deed of Trust Act requires ReconTrust to identify both

3         the owner of the note and the servicer of the note, with their respective

4         addresses, as well as the servicer's phone number, on each Notice of

5         Default. RCW 61.24.030(8)(l).

6     c.    In a form document with the title "Important Legal Notice" ReconTrust

7         claims that BAC Home Loans Servicing, LP is the "Creditor to whom

8         the debt is owed" when Defendant knows, or should know, that BAC is

9         not the creditor to whom the debt is owed.

10    d.    In Notices of Trustee's Sale ReconTrust claims that the current

11        beneficiary is "BAC Home Loans Servicing, LP FKA Countrywide

12        Home Loans Servicing LP, (BAC)", or "Bank of America, N.A,

13        Successor by Merger to BAC Home Loans Servicing, LP FKA

14        Countrywide Home Loans Servicing LP", when Defendant knows or

15        should know that these entities are loan servicers and not beneficiaries of

16        the deed of trust. In some Notices of Trustee's Sale, Defendant fails to

17        name any current beneficiary.

18    e.    In Notices of Trustee's Sale ReconTrust claims that the deed of trust

19        secures an obligation in favor of Mortgage Electronic Registration

20        Systems, Inc, (MERS) as beneficiary, when Defendant knows or should

21        know that MERS is never the party to whom the obligation is owed.

22    f.    In its Trustee's Deeds ReconTrust claims that the promissory note was

23        executed in favor of MERS when MERS never appears in promissory

24        notes and is never the party to be repaid.

25    g.    In its Trustee's Deeds ReconTrust claims that BAC Home Loans

26        Servicing, LP FKA Countrywide Home Loans Servicing LP, was "the

COMPLAINT - 7

1                                    holder of the indebtedness secured by the Deed of Trust" at the time it

2    requested that the Defendant foreclose when Defendant knew or should

3    have known BAC was not the holder of the indebtedness.

4    **ReconTrust's Trustee's Deeds Contain Material Misrepresentations.**

5    5.13    ReconTrust's duty of good faith includes creating and recording a Trustee's

6    Deed after the foreclosure sale which transfers the property from the homeowner to the highest

7    bidder at the foreclosure auction.

8    5.14    The Trustee's Deed must recite facts showing that the sale was conducted in

9    compliance with the specific requirements of the Deed of Trust Act so that the successful

10   bidder at the sale may rely on these recitals as conclusive evidence the Act was followed, and

11   clear title is delivered. RCW 61.24.040(7).

12   5.15    ReconTrust's Trustee's Deeds claim that it has complied with every provision

13   of the Deed of Trust Act when ReconTrust does not comply with every provision of that Act.

14   ReconTrust believes the Deed of Trust Act is preempted by federal law and therefore

15   consciously does not comply with provisions of the Act.

16   5.16    ReconTrust's Trustee's Deeds claim that copies of the Note were served on the

17   homeowner when Defendant knew or should have known that copies of the Note were not

18   delivered to the homeowner.

19   5.17    ReconTrust's Trustee's Deeds make contradictory assertions regarding a

20   material fact of the trustee's sale: whether the transaction was sold to the highest bidder for

21   cash or whether it was a "credit bid" where the owner of the debt bid the amount owing in

22   satisfaction of the debt. This distinction has important ramifications regarding title, excise tax

23   consequences, and whether a void foreclosure can be set aside.

24   5.18    Defendant's failures to abide by the Deed of Trust Act have concealed material

25   information needed by homeowners to assert rights and defenses stemming from their loan

26   transaction, to meaningfully negotiate the terms of a loan modification, to exercise their

COMPLAINT - 8

1  statutory right to reinstate their mortgage, to cure their defaults, and to postpone or stop a
2  foreclosure sale.

3                              **VI.    CAUSES OF ACTION**

4  **A.      Misrepresentations**

5          6.1     In the course of conducting its business Defendant made numerous
6  misrepresentations and failed to disclose material terms as alleged in paragraphs 1.1 through 5.18.
7  Such conduct constitutes unfair or deceptive acts or practices in trade or commerce, and/or unfair
8  methods of competition in violation of RCW 19.86.020, is contrary to the public interest, and is
9  not reasonable in relation to the development and preservation of business.

10 **B.      Unfair Practices**

11         6.2     In the course of conducting its business Defendant engaged in numerous unfair
12 acts and practices as alleged in paragraphs 1.1 through 5.18.  Such conduct constitutes unfair
13 practices and violates RCW 19.86.020, is contrary to the public interest, and is not reasonable in
14 relation to the development and preservation of business.

15                             **VII.    PRAYER FOR RELIEF**

16         **WHEREFORE**, Plaintiff, State of Washington, prays for relief as follows:

17         7.1     That the Court adjudge and decree that the Defendant has engaged in the conduct
18 complained of herein.

19         7.2     That the Court adjudge and decree that the conduct complained of constitutes
20 unfair or deceptive acts and practices and an unfair method of competition and is unlawful in
21 violation of the Consumer Protection Act, Chapter 19.86 RCW.

22         7.3     That the Court issue a permanent injunction enjoining and restraining the
23 Defendant, and its representatives, successors, assigns, officers, agents, servants, employees, and
24 all other persons acting or claiming to act for, on behalf of, or in active concert or participation
25 with the Defendant, from continuing or engaging in the unlawful conduct complained of herein.

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1    7.4    That the Court assess civil penalties, pursuant to RCW 19.86.140, of up to two

2  thousand dollars ($2,000) per violation against the Defendant for each and every violation of

3  RCW 19.86.020 caused by the conduct complained of herein.

4    7.5    That the Court make such orders pursuant to RCW 19.86.080 as it deems

5  appropriate to provide for restitution to consumers of money or property acquired by the

6  Defendant as a result of the conduct complained of herein.

7    7.6    That the Court make such orders pursuant to RCW 19.86.080 to provide that the

8  plaintiff, State of Washington, have and recover from the Defendant the costs of this action,

9  including reasonable attorneys' fees.

10    7.7    For such other relief as the Court may deem just and proper.

11    DATED this 4th day of _August_, 2011.

12

13    ROBERT M. MCKENNA
      Attorney General

14

15    James T. Sugarman, WSBA #39107
      Assistant Attorney General

16    Attorneys for Plaintiff
      State of Washington

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745